ALBERT T. BURNLEY AND ANOTHER v. WILLIAM M. COOK AND OTHERS.

An injunction will not be refused merely because the defendant is in possession under an adverse claim of title.

The ancient doctrine of the Court of Chancery was, not to interfere by injunction in cases of trespass, but to leave the party to his legal remedy. But the practice of the Court is now more liberal; and in cases of trespass, it excepts a strong case of destruction or irreparable mischief.

Nor where a special injunction has been granted will it be dissolved of course, upon the coming in of an answer in which the plaintiff's whole case is denied. The answer must not only positively deny the material facts which constitute the plaintiff's title to equitable relief; but the denial must be grounded upon personal knowledge of the facts. The answer must not consist of statements of matters of law, but of matters of fact which the defendant had the means of knowing to be true.

Nor will an injunction be dissolved where the defendant, in his answer, admits the plaintiff's equity, but sets up new matter of defence on which he relies in avoidance.

Where the petition was framed with a view more directly to obtaining an injunction, and contained no other special prayer, but contained a prayer for general relief, and also contained allegations sufficient to sustain an action of trespass to try title, but had no indorsement to try title, it was held that it was error to dismiss the suit on the dissolution of the injunction, although there might have been no grounds for an injunction, there being sufficient allegations to sustain an action of trespass to try title.

On the dissolution of an injunction, it is error to dismiss the suit, if the petition state facts upon which the defendant would be entitled to other relief, and contain a prayer for general relief; and it is not necessary for the plaintiff in such case, to cause it to appear upon the record that he desired the suit to stand for other relief.

Although consent cannot give jurisdiction as respects the subject matter of the suit, it may do so as respects jurisdiction over the person. And this includes consent to change the venue in action of trespass to try title.

Appeal from Harris. Action by the appellants against the appellees, to restrain the defendants from laying off and building a town, &c., at Powder-Horn, on the land of the plaintiffs. The irreparable injury alleged was, in this, that plaintiffs had been at great expense in one way and another in laying off, &c., a town at La Salle, which they alleged to be the best point on Matagorda Bay for a city; "that owing to the embarrassed "circumstances of your petitioners, especially of the said "Jones,—to the fact also, that unless he can obtain pecuniary "aid upon the prospective value of the said town of La Salle, "and by sale of property therein, he will be compelled to sac- "rifice his interests therein, (it was alleged that Jones' interest "had been sold under execution, but that the purchaser by valid "contract had given him a certain time to redeem,) the said "acts of the defendants herein are of great and irreparable "damage to your petitioners; that they believe that public con- "fidence exists in the advantages of La Salle, and that large "sales of property therein can be soon effected, and pecuniary "aid obtained, which will enable your petitioners to proceed "rapidly with the building of La Salle and obtain large profits "therefrom; but that if persons desirous of making invest- "ments at the best point on Matagorda Bay continue to see "the said Cook and those under him engaged in said acts at "Powder-Horn Bayou, (holding possession, building houses, "and wharves, laying off lots, &c.,) and giving out and pre- "tending that it will be made a rival town site also, your peti- "tioners fear that it will be impossible to effect said sales or to "procure investments, at least until their own pecuniary ruin is "consummated," &c. The petition alleged that the plaintiffs were the true owners of the land including both town sites, but that William M. Cook had caused a 320 acre certificate to be located on the Powder-Horn site in 1849, &c. The only special prayer was for the injunction; there was a prayer for gen-

eral relief; the petition was not indorsed to try title. The answer of Cook denied the title of the plaintiffs, detailing the objections thereto, alleged that Powder-Horn was the best site for a town, &c. The other defendants adopted Cook's answer, by the attorneys.

The injunction on account of the consanguinity of the Judges of the 10th and 1st Judicial Districts, had been granted by the Judge of the 7th District. There was a plea in abatement of the injunction on the ground that the Judge of the 7th District had no authority to order the writ; there were exceptions to the petition because the purchaser of Dr. Jones' interest, who, the petition alleged, resided in Louisiana, was not a party; and there was a general demurrer. There was in the transcript no motion to dissolve and dismiss, but the entry of judgment recited, "This day came the parties by their attor- "neys, and the motion herein filed to dissolve the injunction "herein granted, and dismiss the bill, having been submit- "ted," &c., injunction dissolved and suit dismissed. The venue had been changed to Harris by consent of parties. It did not appear that plaintiffs asked the Court to continue the suit for other relief.

*Jones & Ballinger*, for appellants.

*I. A. & G. W. Paschal*, for appellees.

WHEELER, J. The proposition that an injunction will in no case be granted for the prevention of injuries to the plaintiff's freehold or the enjoyment of his rights of property, where the defendant is in possession under an adverse claim of title, as insisted by counsel for the appellee, does not seem to be universally admitted. On the contrary, where the defendant was in possession of land, which he claimed by an adverse title, and a suit was pending to try the title at law, an injunction was granted to restrain him from cutting timber and committing other waste. (Shubrick v. Guerard, 2 Desau. 616.)

It is true, that an injunction will not be granted to restrain a mere trespass where the injury is not irreparable, or destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law. It must be a strong and peculiar case of trespass going to the destruction of the inheritance, or where the injury is remediless, or not susceptible of pecuniary computation and compensation, to entitle a party to this preventive remedy. (7 Johns. Ch. R. 315.) The ancient doctrine of the Court of Chancery was not to interfere by injunction in cases of trespass, but to leave the party to his legal remedy. But the practice of the Court is now more liberal; and in cases of trespass it excepts a strong case of destruction, or irreparable mischief. (Eden on Injunctions, 231 n. 1, 3rd edit.; Bonaparte v. The C. & A. Rail Road Co., 1 Baldwin, 231, 232.)

The practice (it is said) of issuing injunctions in cases of trespass, on the principle of irreparable mischief, has now become extremely common. (Hanson v. Gardiner,. 7 Sumner's Vesey, 305, b, note c.) An injunction may be granted to stay waste pending an action at law, or a suit in equity to try the right. (Atty. Genl. v. Norwood, 1 Bland, 581; Id. 582; Id. 583.) But an injunction will not be granted to stay waste or nuisance, before a hearing on the merits, except in cases of urgent necessity, or where the subject matter of the complaint is free from controversy, or irreparable mischief will be produced by its continuance. (Charles River Bridge v. Warren Bridge, 6 Pick. 376.) In all cases where the right is doubtful the Court will direct a trial, and in the meantime, if there be danger of irreparable mischief, or if there is any other good cause of granting a temporary injunction, it will be ordered, so as to restrain all injurious proceedings; and when the plaintiff's right is fully established, a perpetual injunction will be decreed. (Ingraham v. Dunnell, 5 Metcalf, 126; 2 Story's Eq. 925, 926; 3 Daniell's Ch. Pr. 1850 n. (1) 1st Am. Edit.) It is a mistake, therefore, to suppose that an injunction will in

no case be granted to restrain the commission of acts which may amount to trespasses, if committed under an adverse claim of title.

Nor, where a special injunction has been granted will it be dissolved of course, upon the coming in of an answer in which the plaintiff's whole case is denied. The answer must not only positively deny the material facts which constitute the plaintiff's title to equitable relief; but the denial must be grounded upon personal knowledge of the facts; and the statements must be at least credible. (1 Dev. Eq. 429; 2 Dev. & Batt. 19; Eden on Inj. 140, n. (1.) The answer must not consist of statements of matters of law, but of matters of fact which the defendant had the means of knowing to be true. "The weight of an answer (said Ch. J. Marshall in Clark's " Ex'ors v. Van Riemsdyk) must also, from the nature of evi- " dence, depend in some degree on the fact stated. If a de- " fendant asserts a fact which is not, and cannot be within his " knowledge, the nature of his testimony cannot be changed " by the positiveness of his assertion." (3 Cond. 325.) In Poor v. Carleton, (3 Sumn. R. 70) Judge Story said, "The " ground of the practice of dissolving an injunction upon a " full denial, by the answer, of the material facts, is, that in " such a case, the Court gives entire credit to the answer, up-, " on the common rule in equity, that it is to prevail, if respon- " sive to the charges in the bill, until it is overcome by the tes- " timony of two witnesses, or one and other stringent corrobora- " tive circumstances. But it would certainly be an evasion of " the principle of the rule, if we were to say, that a mere naked " denial by a party who had no personal knowledge of any " of the material facts, were to receive the same credit, as " if the denial were by a party having an actual knowledge " of them. In the latter case the conscience of the defendant " is not at all sifted; and his denials must be founded upon " his ignorance of the facts, and merely to put them in a train " for contestation and due proof, to be made by the other " side. * * * * The sole ground, upon which the de-

"fendant is entitled to the dissolution of an injunction up-
" on an answer, is, that the answer in effect disproves the case
" made by the bill, by the very evidence extracted from the
" conscience of the defendant, upon the interrogation and dis-
" covery, sought by the plaintiff to establish it. But what sort
" of evidence can that be, which consists in the mere negation
" of knowledge by the party appealed to? Such negation af-
" fords no presumption against the plaintiff's claims; but
" merely establishes, that the defendant has no personal knowl-
" edge to aid it, or to disprove it." (See York v. Gregg, 9
Tex. R. 85, 93.)

Nor will an injunction be dissolved where the defendant in
his answer admits the plaintiff's equity; but sets up new mat-
ter of defence on which he relies in avoidance. (4 Johns. Ch.
R. 497; 3 Dan. Ch. Pr. 1883, n.)

There is a variety of cases analogous in principle to the pres-
ent in which injunctions have been granted. (See cases cited
*Supra*, and 2 Story's Eq. 951.) But it might be a matter of
more difficulty to find cases in which they have been dissolved
upon the coming in of an answer of the character of the pres-
ent, consisting of the statement of matters of law, and mat-
ters of fact, of many of which, it is not to be supposed the
defendant had, or meant to be understood as having any per-
sonal knowledge; and new matter in avoidance. But it is
not necessary to express a decisive opinion upon this branch
of the case, as it is not necessary to its present disposition;
and it is understood that the controversy between the parties
as respects the injunction is now at an end.

But we think it clear that the Court erred in dismissing the
case. The petition contains averments sufficient to maintain
an action of trespass to try title; and if for no other purpose,
it should have been retained for this. And whatever doubt
there may be as to the granting or dissolving of the injunction,
this, at least, seems quite too clear to admit of doubt or con-
troversy.

The objection to the right of the District Court of Harris

county to entertain jurisdiction of the case is answered by the fact that the change of venue to that county was made on motion of the defendants, and by consent of parties. And though consent cannot give jurisdiction as respects the subject matter of the suit, it may do so as respects jurisdiction over the person. (8 Tex. R. 122; 6 Id. 379.) The judgment is reversed and the cause remanded.

Reversed and remanded.