### G. P. MEADE v. J. H. JONES ET AL.

#### No. 1520.

**1. Jurisdiction—Plea of Privilege—Waiver.**

A warrantor, made party on his warranty to a suit for the land, waived his privilege of being sued in the county of his residence by answering to the merits before pleading his privilege.

**2. Warrantor—Suit in County of Residence.**

A vendee of land with warranty, when sued in the District Court for its recovery, may implead his warrantor, though the latter resides in another county and the claim is for less than $500.

**3. Amendment—New Cause of Action.**

An amendment which only enlarges the averments of the original pleading as to liability of a warrantor does not set up a new cause of action.

**4. Warranty—Boundaries Pointed Out.**

A warrantor is liable to his warrantee for the purchase money of land recovered from him by suit and which was included in the boundaries marked out and pointed out by the vendor, though the calls in the deed would not, in fact, include such land.

**5. Same—Reforming Deed.**

It was not necessary to have the deed corrected and reformed, in order to make the warranty apply to land so pointed out.

**6. Same—Limitation.**

It seems that limitation would only run against such action from the date of eviction of the warrantee. (But recovery here was less than four years from the date of the warranty.)

APPEAL from District Court of Clay County. Tried below before Hon. GEO. E. MILLER.

*Bomar & Bomar,* for appellant.—The court erred in holding that it had jurisdiction over G. P. Meade, the defendant in this cause, and in not sustaining the plea to the jurisdiction of said Meade; for the reason that a suit to correct a mistake is in the nature of a personal action, and must be brought in the county of the residence of the defendant. Miller v. Rusk, 17 Texas, 170; Cavin v. Hill, 83 Texas, 73; Mixan v. Grove, 59 Texas, 573; Watson v. Baker, 67 Texas, 49.

The District Court has not jurisdiction, in a suit in trespass to try title, over warrantor where the warranty is less than five hundred dollars, and especially so where there is a suit to correct a mistake in a warranty.

The court erred in rendering judgment against the said G. P. Meade, for the reason that the proof shows that G. P. Meade deeded by warranty deed 174 acres of land, and the agreement was that he was to deed 174 acres of land, and the land herein recovered of J. H. Jones is not a part of the land conveyed by Meade, and the land recovered by plaintiff is a part of the land intended to have been conveyed by Meade, but which was not, and the said J. H. Jones now has 174 acres of land which has never been lost to him, and the court did not compel the said Jones to return to said Meade an amount of land equal to the amount of land for which they recovered on warranty. Hollingsworth v. Crosby, 6 Texas Civ. App., 65.

A suit to correct a mistake in a deed is barred by the statute of limitation of two years; also a suit for damages by reason of mistake is barred by the two years' statute of limitation. Smith v. Fly, 24 Texas, 345.

*Templeton & Patton,* for appellee.—Appellant's plea to the jurisdiction of the court over his person was not filed in the due order of pleading, and came too late after he had plead to the merits, and the same was properly overruled. Hoffman v. Cleburne B. & L. Assn., 22 S. W. Rep., 154; Logan v. Texas B. & L. Assn., 28 S. W. Rep., 141.

The court had jurisdiction of the subject matter of the suit, and appellant, who was interested in the result, was properly made a party therein. Rev. Stats., art. 4788; Norton v. Collins, 1 Texas Civ. App., 272; McCreary v. Douglas, 5 Texas Civ. App., 494; Jones v. Hardin, 81 Texas, 37; Kirby v. Estill, 75 Texas, 484.

Appellee's second amended answer did not set up a new cause of action, but it only elaborated the demand originally declared on. Thouvenin v. Lea, 26 Texas, 614; 1 W. & W. App. Cases, secs. 475 and 521; Texas Elevator Co. v. Mitchell, 78 Texas, 66; Railway v. Irvine, 64 Texas, 529; Railway v. McGowan, 73 Texas, 355; Killebrew v. Stockdale, 51 Texas, 529; Tarkington v. Broussard, 51 Texas, 550; Becton v. Alexander, 27 Texas, 667.

A covenant of warranty runs with the land, and a defendant in an action brought against him to try title to the land may make his warrantor a party defendant in the action, and may require him to answer therein, and, where the plaintiff in the action recovers the land, the defendant may in the same suit recover of his warrantor the purchase money paid for the land lost, with interest thereon, regardless of the amount in controversy. Rev. Stats., art. 4788; Saunders v. Flaniken, 77 Texas, 665; also 67 Texas, 630; also authorities cited above.

Appellant having, by his agent, located the land sold to appellee, and having plainly marked the boundaries thereof by stones and furrows which were, by the agent, pointed out to appellee as the true boundaries of the land sold, and appellee having relied on said representations, and having paid appellant for the land, the latter is estopped from denying that the land in controversy was embraced in his deed executed therefor, and the judgment was properly rendered against him for the purchase money paid for the land, with legal interest thereon. Pardue v. James, 74 Texas, 299; Timon v. Whitehead, 58 Texas, 290; Guest v. Guest, 74 Texas, 664; Schwarz v. Bank, 67 Texas, 217.

Since appellee was not suing to recover the strip of land in controversy, but was only suing to recover the purchase money paid therefor, it was not necessary to seek a correction of the deed, nor to tender same back to appellant for cancellation or correction before a recovery could be had for the purchase money, and the court did not err in so holding.

Appellant having pointed out the land sold to appellee, and having marked its lines and corners on the ground, appellee cannot assert title to any other land than that so pointed out to him, and as appellant did not own any land lying north of and adjacent to that sold to appellee, he is not injured by the failure to correct any mistake in the deed to appellee. Koenighem v. Miles, 67 Texas, 113; Creech v. Davidson, 5 Texas Civ. App., 41; Scott v. Weisburg, 21 S. W. Rep., 769.

COLLARD, ASSOCIATE JUSTICE.—We adopt in part the statement of the case as made by appellee. On December 30, 1889, G. P. Meade owned the S. A. & M. G. Ry. Co. survey No. 2, in Clay County, which was located north of survey No. 55, the H. T. & B. R. R. Co. survey,

which belonged then and now belongs to plaintiff below in this suit. G. P. Meade, desiring to place his land on the market, had survey No. 2 surveyed, but the surveyor by mistake ran over on survey No. 55, on its north side, seventy-two varas, and plowed a furrow on the south line of the survey so surveyed, seventy-two varas south of the north line of survey No. 55. Meade sold to appellee Jones, the east 174 acres of his survey, pointing out to him the furrow as the south line, all the parties believing at the time that the furrow was the true south line, but the deed executed to Jones described the 174 acres as the east 174 acres of survey No. 2, which did not in fact by the calls, correctly followed, include the strip seventy-two varas wide north of the furrow. The deed of Meade contained covenant of general warranty of title.

On August 19, 1892, M. J. Thompkins, P. Ragan and A. D. Goodenough, as guardians of the estate of Dora Boone, Hugh Boone and Thomas H. Boone, brought this suit in trespass to try title for that part of survey No. 55 included in Meade's deed to Jones, the strip on the south side seventy-two varas wide and 860 varas long, against E. S. Cook. T. W. and R. E. Warring, A. F. Fassett, George E. Martin, J. H. Jones, Penn Ralls, J. O. Boone and Franklin Cook; the suit being for other land against all the defendants other than Jones, who alone claimed the said strip.

Jones answered September 10, 1892, disclaiming title to the strip, setting up the warranty of Meade, a resident citizen of Tarrant County, Texas, impleading him as warrantor to defend his title, and praying for judgment over against him for the value of the strip of land, and damages on his warranty in case plaintiff should recover the land.

Meade answered, by general denial, the pleadings of his warrantee March 23, 1893.

March 12, 1894, defendant Jones filed his second amended answer, alleging the facts with more particularity, disclaiming the land sued for, and setting up that Meade was estopped from denying that the land in controversy was embraced in the deed, particularly alleging the facts of estoppel, but he did not ask that the deed be corrected or reformed to include the land in controversy.

March 23, 1894, Meade filed a plea to the jurisdiction over his person, alleging his residence in Tarrant County. This plea was by the court overruled, Meade excepting.

March 23, 1894, the court granted motion to sever into several suits, according to the interests of the defendants claiming different portions of the land sued for, thus leaving Jones and Meade the only parties defendant in this branch of the suit. The case was tried without a jury October 9, 1894, and judgment was rendered for plaintiff, and over against Meade on his warranty in favor of Jones, for $84, from which Meade has appealed.

There was an agreement of the parties filed September 28, 1894, as follows:

"1. G. P. Meade by his attorney confesses that plaintiff in this suit

is entitled to recover the land as set out in the disclaimer of the defendant J. H. Jones, as the same is set out in the second amended answer of said defendant herein, filed on March 12, 1894, and that said defendant has lost or will lose same in this suit.

"2. The said G. P. Meade by his attorney confesses all the facts as alleged in the second amended answer of said defendant."

We make the second amended answer of defendant referred to in the foregoing agreement and adopt the same as part of the statement and findings of fact by this court, in so far as facts are alleged therein.

*Opinion.*—1. There was no error in the holding of the court below that it had jurisdiction over defendant G. P. Meade, brought into the suit by his warrantor. Meade had, prior to his plea to the jurisdiction, answered to the merits, thus submitting to the jurisdiction of the court and waiving his privilege. His plea was not in due order of pleading and was properly overruled. Campbell v. Wilson, 6 Texas, 379; Burnley v. Cook, 13 Texas, 586; Insurance Co. v. Ray, 50 Texas, 517; Watson v. Baker, 67 Texas, 48.

Jones being sued for land sold to him by Meade had the right to implead the latter on his warranty though the suit was in a county other than his residence. Rev. Stats., 4788; McCreary v. Douglas, 5 Texas Civ. App., 494; Johns v. Hardin, 81 Texas, 37; 75 Texas, 484. This would be the right of the warrantee though the amount of the claim under the warranty should be less than $500, the least amount of the District Court's jurisdiction in a suit on a money demand. We do not agree with appellant that the second amended answer of defendant Jones, setting up mutual mistake of the parties as to the location of the land described in his deed from Meade and estoppel, set up a new cause of action against Meade. It only averred more particularly and definitely the facts of Meade's liability on his warranty that had before been alleged. Thouvenin v. Lea, 26 Texas, 615. The amendment only enlarged the averments of his liability on the warranty. Texas Elevator Co. v. Mitchell, 78 Texas, 67, and authorities cited.

2. Appellant contends that the court erred in rendering judgment against him, for the reason that the proof shows that Meade deeded by warranty deed 174 acres of land, and the agreement was that he was to deed 174 acres of land, and the land recovered of Jones is not a part of the land conveyed by Meade by the deed, and the land recovered of Jones is a part of the land intended to have been conveyed by Meade, but which was not, and Jones now has 174 acres of land which has never been lost to him, and the court did not compel Jones to return to Meade an amount of land equal to the amount of land for which he recovered on the warranty.

The second amended answer of defendant Jones, which is admitted to be true, alleges that the 174 acres of land was sold to him by Meade by the acre at $6 per acre, which amount was then fully paid in cash in defendant's negotiable interest-bearing notes, which have been long

since paid off and discharged; that prior to the sale and for the purpose of the sale, Meade's agent caused the 174 acres of land to be located and the lines and corners to be marked and designated on the ground by one C. B. Patterson, a surveyor then residing in Clay County; that the 174 acres as it was located on the ground by the surveyor, and the four lines thereof as fixed and located on the ground, were marked,—the corners by stones duly set up and marked and established for and to designate such corners, and the lines by furrows plowed to and from said corners. That in offering the land for sale the said Meade, his agents and servants, adopted the boundaries thereof as they had been surveyed and established on the ground by said surveyor as the true boundaries of the east 174 acres of said survey No. 2. That the said Meade, his agents and servants, in selling said land to this defendant; were governed by said boundaries as thus established and pointed out to this defendant as the true lines and corners of said 174 acres of land, and they then and there represented to this defendant that said corners and lines, so fixed and established, were the true boundaries of said land, and that said 174 acres of land was in fact located on the ground as thus designated, and that there was full 174 acres thereof. That this defendant believing said representations to be true and relying thereon, was thus induced to, and he did, in fact, purchase said 174 acres of land in good faith, believing that the same was located as above stated, and that, in pursuance of said purchase, he received from G. P. Meade the warranty deed above specified, which merely described the land as the east 174 acres of said survey No. 2, without giving field notes thereof; that the land sold, and for which defendant paid, and for which the deed was executed, was the identical land lying and embraced in the boundaries so marked by Meade and his agents as above set out, and that at the time of the execution and delivery of the deed it was the mutual understanding of all the parties that the description of the land as contained in the deed embraced the identical land so sold and conveyed and intended to be conveyed, and it was the intention of Meade to sell and convey to defendant, and it was defendant's intention to purchase and obtain a valid deed to said 174 acres of land as the same was pointed out to him and designated on the ground. That in truth and in fact, all the parties were mutually mistaken as to the true locality on the ground of the lines and corners of said 174 acres of land, and that the land was in fact originally located 72 varas further north than it was located by Patterson, and that the south line of the 174 acres was located by Patterson 72 varas too far south, and that as thus located it embraced on the south side a strip 72 varas wide by —— varas long, which strip was then and is now a part of survey No. 55. The answer proceeds to show that defendant has been forced to disclaim in this suit title to the strip in controversy and will be ousted from the possession of the land, and that the title to the same has wholly failed, by reason of which he has been damaged to the extent of the purchase price thereof, with interest thereon—the sum of $100. Then follows this

averment: "This defendant further avers that said G. P. Meade does not now and did not at the institution of this suit own any part of said survey No. 2 and that he owns none of the land lying north of and adjacent to that part of said survey No. 2, as set out and designated as the east 174 acres of said survey and sold to this defendant as aforesaid." Wherefore it is alleged that Meade is estopped from denying that the deed does not convey the 174 acres designated and pointed out to Jones, and from denying that the warranty does not apply to the strip. It is alleged that the defendant's title to the strip has failed. The lines were all in the prairie and were marked off as stated. The first part of the answer shows that Jones went into possession of the 174 acres pointed out to him, and that he made permanent and valuable improvements on the strip in controversy.

It is a legitimate inference from the averments of the answer construed as evidence that Jones never claimed or asserted title to more than the 174 acres pointed out to him, and that Meade does not own it so as to compensate Jones with an equivalent of land on the north of the 174 acres pointed out and defined by marked lines and corners for the loss of the strip on the south which belongs to plaintiff. Meade is not able to make good the full quantity of 174. The issue was one of boundary, and a part of the land purchased by Jones was lost to him by the superior claim of plaintiffs. We think the warranty applies to this strip which Jones in fact bought and to which his title failed. The land referred to in the deed evidently was the land sold and designated by the marked boundaries, and the warranty applied to it. Koenigheim v. Miles, 67 Texas, 113, 121 and 122; Creech v. Davidson, 5 Texas Civ. App., 41; Scott v. Weisburg, 21 S. W. Rep., 769.

The defendant Meade was estopped from denying that the warranty in his deed to Jones applied to the very land sold by him and pointed out at the time of the sale, and for this reason there was no error in rendering judgment for Jones on the warranty. Pardue v. James, 74 Texas, 299. Jones was induced to purchase the land designated, by representations of Meade's agents that the marked lines were the correct boundaries; he made valuable improvements on the disputed strip, in good faith, believing that the strip was conveyed to him, and it would be inequitable to deny his claim against his warrantor for loss of the land, though the calls in the deed would not in fact include the strip. Schwarz v. National Bank, 67 Texas, 217.

4. It was not necessary to have the deed corrected and reformed to make the warranty apply to the strip sold by Meade to Jones, and recovered from the latter. All the facts of mistake were alleged and every fact necessary to show the right of Jones to a recovery on the warranty was shown.

5. The cross-action and the recovery of Jones was on the warranty, not for cancellation of the trade or to correct mistake in the deed. A certain quantity of the land sold and conveyed by the deed was recovered in this suit by an adverse owner who had the superior title, and

there was no eviction of the warrantee until judgment was rendered for plaintiff.

The warranty was executed on December 30, 1889, and the answer of Jones impleading Meade on his warranty was filed on September 10, 1892, less than four years from the date of the warranty.

In no aspect of the case can it be said that the suit on the warranty was barred by limitation.

We refer to the case of Meade v. Warring this day decided by this court affirming the conclusions above set out, and deciding adversely to appellant all other issues. We do not find any of appellant's assignments, or appellee's cross-assignments, of error well taken, and the judgment of the lower court is affirmed.

*Affirmed.*

Delivered April 15, 1896.

Petition for writ of error dismissed for want of jurisdiction.