No. 2049.

ISAIAH WATSON *v.* B. A. BAKER.

1. JURISDICTION—PLEADING—PRACTICE.—A defendant was sued in a county other than that of his residence, to rescind a parol contract alleged to have been induced by defendant's fraudulent representations made in the county in which the suit was brought. The petition set forth properly the county of defendant's residence. The defendant pleaded to the jurisdiction under oath, on the ground only that he was sued out of the county of his residence. No action was taken on the plea to the jurisdiction, but after trial on the merits, the court dismissed the case for want of jurisdiction. *Held:*

(1) The right of a defendant to plead to the jurisdiction of the court when sued out of the county of his residence is a personal privilege, but if not exercised at the proper time and in a proper manner, it does not take away the authority of the court to hear and determine the case made against him.

(2) Though a petition as to jurisdictional allegations may be good upon its face, yet if the evidence shows on the trial that the court has no power to detemine the real case developed, and that the jurisdictional allegations were fraudulently inserted, the court will dismiss of its own motion.

(3) If the evidence merely shows that the court has no jurisdiction over the *person* of the defendant the rule is different. In such a case where the petition contains fraudulent allegations of fact which, if true, would bring the case under one of the exceptions of the statute which authorizes a defendant to be sued out of the county of his residence, then the defendant must plead *in limine* to the jurisdiction, setting forth the true facts of the case, and alleging the fraudulent purpose of the petition.

(4) The plea of defendant setting forth his true place of residence was unnecessary. It had already been stated by the plaintiff, and it amounted to no plea.

(5) When the defendant went to trial without asking action on his plea he thereby waived it. It was error to dismiss the cause upon the hearing of the evidence on the merits.

APPEAL from Hopkins. Tried below before the Hon J. A. B. Putman.

This was an action for the rescission of a contract alleged to have been procured by fraud. Upon the trial, after the introduction of the evidence, the court dismissed the case for want of jurisdiction. The facts are stated in the opinion of the court.

*E. W. Terhune*, for appellant, cited Wintz v. Morrison, 17 Texas, 382; Griffin v. Chubb, 7 Texas, 609; Mitchell v. Zimmerman, 4 Texas, 78; Pendarvis v. Gray, 41 Texas, 327; Moreland v. Atchison, 19 Texas, 308; Bigelow on Fraud, 4, et seq.; Revised Statutes, Article 1198, sections 7 and 11.

*E. B. Perkins* and *L. D. King*, for appellee, as to the allegations of the petition in relation to jurisdiction, cited: Oberlander v. Spiers, 45 New York, 175; Brooks v. Hamilton, 15 Minnesota, 26; Stitt v. Little, 63 New York, 427; Byer v. Menks, 2 Sweeney, 715; Moreland v. Atchison, 19 Texas, 308; Scott v. Griggs, 49 Alabama, 186; Bigelow on Fraud, 56, 16; 2 Pomeroy's Equity, sections 873, 876, 883, 888, 878, 899; 2 Parsons on Contracts, 275; Waterman on Specific Performance, section 503; Frye on Specific Performance, sections 1194, 1203.

GAINES, ASSOCIATE JUSTICE. Appellant brought this suit in he district court of Hopkins county, and alleged appellee's residence in Franklin. The object of the suit was to rescind a

parol sale made by appellee to appellant of certain lands, live stock and farming implements situate in the former county, and to recover back the sum of four thousand dollars, alleged to have been paid by appellant as part of the purchase money for the property. The grounds on which the rescission was sought were false and fraudulent representations as to the entire body of lands sold, the number of acres in the farm and enclosed pasture upon the property, and as to the location of the several tracts of land with reference to each other. The misrepresentations and the sale were alleged to have been made in Hopkins county. A general demurrer was sustained to the petition, and plaintiff filed a trial amendment, after which the demurrer was overruled.

It is sufficient to say, for the purposes of this opinion, that in our judgment the petition and amendment made a good case for the rescission of the contract, on the ground of fraud, and that the demurrer to them was properly overruled by the court.

Defendant pleaded to the jurisdiction of the court, alleging only that his residence was in Franklin county. This plea was under oath. He specially excepted to the jurisdiction of the court on the same ground, and also filed a general demurrer, a general denial and a special answer, which, in the view we take of the case, it is not necessary to notice.

No action was taken on the plea to the jurisdiction or on the special exceptions. But the parties went to trial on the merits before the court without a jury; and after hearing the evidence the case was dismissed for want of jurisdiction.

The action of the court in dismissing the case for the want of jurisdiction is brought here for revision. The assignments of error raise the question of the correctness of that ruling only.

Consent can not confer jurisdiction over the subject matter of a suit; and whenever it becomes apparent to a court, at any stage in the progress of a cause, that it has no authority under the law to adjudicate the issues presented, it becomes its duty to dismiss it. (Able v. Blumfield, 6 Texas, 263; Snyder v. Wiley, 59 Texas, 448.) But the right of a defendant to plead to the jurisdiction of the court, when sued out of the county of his residence, is a personal privilege, which, if not exercised at a proper time and in a proper manner, does not take away the authority of the court to hear and determine the case made against him. (Campbell v. Wilson, 6 Texas, 379; Burnley v. Cook, 13 Texas, 586.) Jurisdiction as to the subject matter must

be determined in the first instance by the petition, and where its allegations show a case within the power of the court to decide, the suit will be entertained, unless it subsequently appear that the jurisdictional facts have been fraudulently alleged for the sole purpose of conferring the jurisdiction. (Dwyer v. Bassett, 63 Texas, 274.) But when the evidence shows clearly that the court has no power to determine the real case developed (notwithstanding the petition may be good upon its face), and that the jurisdictional allegations were fraudulently inserted, the court will dismiss of its own motion. But if the evidence merely shows that the court has no jurisdiction over the person of the defendant, this is not the rule. When he is sued out of the county of his residence, and plaintiff fraudulently alleges facts which would bring the case under one of the exceptions to the general rule laid down in the statute, he must plead *in limine* to the jurisdiction of the court, and must in his plea set forth the true facts of the case and allege the fraudulent purpose of the petition. (Dwyer v. Bassett, supra; Gouhenant v. Anderson, 20 Texas, 461; Bridge v. Bullen, 11 Texas, 269.)

If, in the transaction set forth in appellant's petition in this case, there was no fraud committed by defendant, it was his privilege to be sued in the county of his domicile; and if he desired to avail himself of it, he should have set up that fact by a sworn plea. Here he has pleaded the fact of his domicile in Franklin county under oath. This fact was alleged in plaintiff's petition, and if that alone could have availed him in asserting his right, he could have taken advantage of it, as well by his special exception as by his plea to the jurisdiction. Upon the face of the petition appellee was rightfully sued in Hunt county. His plea in abatement amounts to no plea at all; and hence it was error to dismiss the cause upon the hearing of the evidence on the merits.

If it were necessary to say anything further upon this point, it is to be remarked that defendant went to trial without having either his plea or exception to the jurisdiction acted on, and thereby waived it. (County of Galveston v. Noble, 56 Texas, 575.)

We conclude that the court erred in dismissing the suit for the want of jurisdiction, and for this we reverse the judgment and remand the cause.

*Reversed and remanded.*

Opinion delivered November 12, 1886.