WILLIAM MOORE, Receiver, Respondent, v. FIRST NATIONAL BANK OF KANSAS CITY, Appellant.

**Kansas City Court of Appeals, March 6, 1911.**

RECEIVERS: Intermingling of Personal and Trust Funds: Burden of Proof. In an action for money had and received, where the evidence showed that a receiver delivered to the defendant bank, in which his personal funds, as well as his receiver's funds, were deposited, three checks for interest due the bank on his personal note, *held*, that the plaintiff must show not only that the bank had notice that some of the money, at least, on deposit, was that belonging to the estate in his hands, and therefore trust money, but that the burden of proof was on the plaintiff to show further that the amount the defendant bank appropriated to the payment of its own debt caused a depletion of the trust estate to the extent of leaving an insufficient sum in the hands of the receiver to pay existing liabilities.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback*, Judge.

REVERSED AND REMANDED.

*Ball & Ryland* for appellant.

(1) The petition states no case: It does not charge that the money paid to the defendant was trust funds belonging to the estate of which plaintiff is receiver. It merely states the payment of the money by the checks "wrongfully" and "that the defendant was not and is not legally entitled to said sums of money and that the same belongs to the plaintiff herein as receiver as aforesaid;" which allegations are mere averments of conclusions and do not state any facts which would show that the funds passed by the checks were trust funds. Story v. Insurance Co., 61 Mo. App. 534; State ex rel. v. Hudson, 13 Mo. App. 61; Dannan v. Coleman, 8 Mo. App. 595; Sidway v. Land & Live Stock Co., 163 Mo. 342; Kerr v. Simmons, 82 Mo. 275. (2)

The fact that a depositor gives a check in payment of an individual obligation but signed by him as receiver, administrator, or otherwise, is not even prima facie evidence that he is using trust money. Swarout v. Bank, 5 Denio 555; Eyerman v. Bank, 13 Mo. App. 289, 84 Mo. 408; Sparrow v. Bank, 103 Mo. App. 338. (3) The judgment should be reversed outright. No decision of any court upholds it.

*Thomas H. Reynolds* and *Lathrop, Morrow, Fox & Moore* for respondent.

(1) Appellant seems to present to this court for consideration on this appeal only two questions. The first, that the petition states no cause of action, and the second, that the fact that the checks were signed by John D. White, Receiver, was not even prima facie evidence that he was using trust money. The third point mentioned in appellant's brief is merely a bold claim for which no ground is stated, is without authority, and cannot be seriously maintained upon the facts of this case as shown by the record. (2) As in the case of reference in its abstract of the record to the reply filed by the plaintiff in the case below, appellant in its brief has not correctly stated the allegations of the petition. The petition sets out the facts in regard to the receivership of J. D. White and, in detail, the checks which it alleges he wrongfully gave to the defendant. The plaintiff alleges that said J. D. White as receiver wrongfully and without authority of law delivered the checks in controversy, describing them to defendant; that defendant was not legally entitled to said sums of money; that the same belonged to the plaintiff as receiver; that he informed plaintiff of his legal right to said money— in other words, of his ownership thereof, and requested the defendant to deliver the same to him, but that defendant failed and refused to do so, and "converted the same to its own use." Under all the authorities, this states a cause of action. The language of Judge

Sherwood in Pomeroy v. Benton, 57 Mo. 531, is directly in point. (3) The second proposition advanced by appellant relates to a rule of law that is no longer applicable to the facts of this case. The admissions of the amended answer, by which defendant was bound, and of its counsel, in the taking of the testimony, made any further evidence introduced by the plaintiff merely cumulative. The burden, as appellant surmises under point 3 in its brief, did in reality, under the allegations of the amended answer, shift to it to show that the money it received on these receivership checks was in truth and in fact the money of John D. White personally which he had a right to withdraw from the receivership estate, where he had placed it. A bank knowing that a deposit is made by a person in a fiduciary relation becomes directly responsible for any money which it knowingly or negligently allows to be drawn out by a private check or otherwise appropriated to private use of the depositor, and the bank cannot apply any of such funds in discharge of a debt due it from the depositor personally. Bank v. Bank, 73 Fed. 379. The bank is liable for the amount of these checks as it knew they were paid by receivership money and not White's personal money. When a note discloses upon its face that it is held by one as trustee, a transferee of the note acquiring it from the trustee as security for the trustee's personal indebtedness takes with notice of the beneficial interest, which is presumed to continue until the contrary is shown. The transferee obtains no title as against the beneficiary unless authority on the part of the trustee to make the transfer is shown. Payne v. Bank, 43 Mo. App. 377.

BROADDUS, P. J.—This is an action for money had and received.

The conceded facts are that, in the year 1905, J. D. White under appointment by the court was acting receiver of a millinery corporation doing business un-

der the name of the Winning-Blair Millinery Company, and that he continued as such until February 26, 1906, when he was removed and the plaintiff appointed in his place; that during the time said White was such receiver he deposited in defendant bank certain funds to his credit as such receiver; that during the year 1905 he delivered to the defendant three checks upon said fund aggregating $791.99.

The petition alleges that said fund was the property of said estate in the hands of said White, which defendant appropriated to its own use and upon demand refuses to deliver to plaintiff.

The answer admits, that White was the receiver of said Millinery Company, and that he kept a deposit account with defendant in his name as receiver; and admits that said White paid to defendant by his check ·· said account the three checks mentioned in the aggregate of $791.99.

Defendant alleges that said payments were made on account of interest due and owing to defendant; that while said deposit account stood at the time in the name of said White as receiver, yet, as a matter of fact, at the date of the giving and payment of said checks, the deposit account on which the same were drawn contained and represented individual deposits of the personal funds of the said White, greatly in excess of the amount of said checks, and that the payment of said checks did not in anywise or to any extent impair or deplete the funds of the estate of which the said White was receiver.

At the time White was appointed receiver, the Winning-Blair Millinery Company was indebted to the defendant bank on five notes aggregating $17,500. Soon after White was appointed receiver, he gave his individual note to the bank for this indebtedness, which was reduced at times and renewal notes taken until October 5, 1905, when he gave his personal note for $14,758. Upon White's personal note given to the bank as afore-

said, he paid interest with the checks mentioned, drawn on the account as stated, of which he was receiver.

White had no personal deposit account in his name with the defendant, but did have such account with a bank at Independence.

The defendant undertook to show that White did make deposits of his own funds during the time in question.

Mr. Silverman, discount teller, of defendant, testified that, White told him at the time he gave the first check to pay interest on the note mentioned; that he was putting his own money into said deposit account.

Defendant introduced evidence tending to show that White, from time to time as the receiver's account needed funds, made deposits of his personal funds to that account. While as receiver he continued the business of the Winning-Blair Millinery Company in the buying and selling of goods. His books kept during the time have been gone over by Mr. Winning, an expert accountant, and a member of the company, and he has made and filed his report in the receiver's proceedings, which has not yet been approved by the court. This report does not show that White is delinquent as such receiver, and there is no evidence in the case as a matter of fact, that the amount drawn from his receiver's account in defendant bank did in fact operate to deplete the funds in his hands as such receiver.

The judgment was for plaintiff for the amount claimed and defendant appealed therefrom.

There is a controversy about the sufficiency of the petition, in that, it does not allege that the conversion was tortious, but we prefer to treat it as sufficient for the purpose of the case, and to base our conclusion upon its merits.

It is assumed by respondent that the admission of appellant in its answer, that the drafts upon the deposit to the credit of White as receiver makes out a prima facie case, and that thereby the burden of proof

was cast upon defendant to show that the payment to it for the amount of said drafts did not deplete the assets in the hands of said receiver.

It is the law that, "if a man mixes trust funds with his own money the whole will be treated as trust property, except so far as he may be able to distinguish what is his." [Harrison v. Smith, 83 Mo. 210.] And a bank cannot use a deposit to pay the individual debt of a depositor where it has knowledge that the deposit is held in a fiduciary capacity. [Mayer v. Bank, 86 Mo. App. 422.]

It is held that: "The fact that money is deposited in bank by a county treasurer raises no presumption that it belongs to the county," and, "That the words 'County Treasurer' are added to a depositor's name on his checks and pass book does not give notice that the depositor holds the fund as such treasurer." But that: "One who has notice of such facts as put him upon inquiry is bound by every fact which an inquiry would have disclosed." [Eyerman v. Bank, 84 Mo. 408.] This case was first appealed to the St. Louis Court of Appeals, where it was held among other holdings, that there was evidence that defendant had notice that the person from whom it purchased the draft, that he had no title to the same. [Eyerman v. Bank, 13 Mo. App. 289.] We gather from these cases that it is necessary to show that the party charged with appropriation of trust funds is liable only on proof that he had notice that they were such. And we so held in Mayer v. Bank, 86 Mo. App. 422 and in First Nat. Bank v. City Nat. Bank, 102 Mo. App. 357.

The evidence tends to show that defendant did have knowledge of the fact that some of the money at least, on deposit, was that belonging to the estate in the hands of the receiver, and therefore, trust money. But that showing of itself was not sufficient to entitle plaintiff to a judgment. It was necessary to further show that the estate was depleted thereby, to the extent of leaving

an insufficient sum in the hands of the receiver to pay existing liabilities. In Harrison v. Smith, supra, the court held the law to be that, "equity will follow the money by taking out the amount due the *cestui que trust.*"

The evidence tended to show, and it was not contradicted, that White had some of his own funds on deposit in defendant bank. The withdrawal of such funds could in no way prejudice the rights of the estate in his hands as receiver, so long as he had sufficient funds of the estate on deposit in excess of his own funds, the excess was no part of the trust estate. The theory of the law, that where one mixes his own funds with those held by him as trustee, that the whole shall be regarded as the trust fund was invented for the purpose of preventing fraud and preserving such estate. The reason for the application of this theory of the law ceases altogether, unless it is made to appear that the trust fund has been depleted by the trustee. Until then the trust estate has no claim upon the personal estate of the trustee.

No effort was made to show that White was delinquent to the estate in any amount. On the contrary, the evidence tended to show that he was not, and that he kept his account as trustee balanced from time to time by deposit of his own private funds. We are of the opinion that the burden was on the plaintiff to show that the amount defendant appropriated to the payment of its own debt caused a depletion of the trust estate.

Cause reversed and remanded. All concur.