SANDERS v. DUNN.

(Court of Civil Appeals of Texas. Austin. May 7, 1913. Rehearing Denied June 25, 1913.)

1. VENUE (§ 84*) — CHANGE OF VENUE — FRAUD.

Where an action for fraud in an exchange of land was brought in the county where the fraud was alleged to have been committed, plaintiff was not entitled to a change of venue because of his nonresidence in that county, where his plea of privilege did not charge that the allegation that the fraud was perpetrated in the county where the suit was brought was inserted in the petition for the fraudulent purpose of conferring jurisdiction.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 146–148; Dec. Dig. § 84.*]

2. APPEAL AND ERROR (§ 683*) — QUESTIONS NOT RAISED AT TRIAL—SUPPRESSING DEPOSITION.

An assignment that the court erred in overruling a motion to suppress the deposition of a witness cannot be reviewed, where the record did not show that the motion was called to the attention of or ruled on by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2907; Dec. Dig. § 683.*]

3. FRAUD (§ 59*)—MEASURE OF DAMAGES.

In an action for fraud in an exchange of property, the measure of damages is the difference between the value of the property with which plaintiff parted and the value of that which he received from defendant, and not the difference in value between the property alleged to have been misrepresented at the time of the sale and its value had the facts been as represented.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

4. EXCHANGE OF PROPERTY (§ 8*)—FRAUD— CONVEYANCE—LIEN ON OTHER PROPERTY.

Where defendant fraudulently induced plaintiff to make an exchange of certain real property, and before the discovery of the fraud defendant exchanged the property received by him with certain other property for property in M., plaintiff in an action for damages for the fraud was entitled to an equitable lien on all of the property in M., so received by defendant, in the absence of proof as to the value of the other property added by defendant to that received from plaintiff to form the consideration for the exchange of the M. property, under the rule that when a trustee mixes the trust fund with his private funds the trust will attach to the entire fund; and this though a part of such consideration was defendant's homestead.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. § 8.*]

Appeal from Lampasas County Court; John W. Robinson, Judge.

Action by W. G. Dunn against George E. Sanders. Judgment for plaintiff, and defendant appeals. Affirmed.

Word & Walker, of Lampasas, for appellant. J. C. Abney and Matthews & Browning, all of Lampasas, for appellee.

KEY, C. J. On May 3, 1912, W. G. Dunn and Geo. E. Sanders made a trade, as a result of which Dunn conveyed to Sanders a tract of 510 acres of land in Lampasas county, and Sanders conveyed to Dunn a tract of 460 acres of land in Culberson county, and paid to Dunn $50 in cash, and executed promissory notes for the sum of $3,000, to cover the difference in value between the two tracts of land. Thereafter Sanders sold and conveyed the 510-acre tract of land and a house and lot in the town of Lampasas to one J. W. Irwin, and received as a consideration therefor a deed from Irwin, conveying to Sanders certain real estate in the town of Miles, in Runnels county, Tex. August 29, 1912, Dunn brought this suit against Sanders to recover damages, upon the ground that Sanders, in

the trade referred to between them, had perpetrated a fraud upon him (Dunn); and he also sought to foreclose an equitable lien upon certain lots in the town of Miles, in Runnels county, for which he alleged the defendant had traded the 510 acres of land traded by him to the defendant. Among other things the plaintiff alleged in his petition: "That on said May 3, 1912, and prior thereto, the said defendant in Lampasas county, Tex., represented to plaintiff that said 460 acres of land was located in Toyah Valley, 7 miles from Toyah, and practically all of said 460 acres was black valley land, and, further, that there were wells in the valley in the neighborhood or vicinity of said 460 acres from 100 to 150 feet in depth, and from which as much as 1,200 gallons of water per minute was being pumped." It was further alleged in the petition that the representations referred to were relied on by the plaintiff; that they were false, etc.

In the defendant's original answer, he excepted to the plaintiff's petition on the ground that it showed on its face, which was true, that the defendant was a resident of Ellis county, Tex.; and he also filed a plea of privilege in due form, which concluded with a prayer that the suit be transferred to the district court of Ellis county. He did not allege in that plea or elsewhere that the allegations in the plaintiff's petition that the fraudulent representations relied on by the plaintiff for recovery were made in Lampasas county were fraudulently inserted in the plaintiff's petition for the purpose of conferring jurisdiction upon the district court of Lampasas county.

There was a jury trial, which resulted in a verdict and judgment awarding to the plaintiff damages in the sum of $4,000, and fixing and foreclosing a lien to that extent upon the real estate in the town of Miles, which Sanders had acquired from J. W. Irwin in exchange for the 510 acres of land above referred to, and the house and lot in the city of Lampasas, and it is from that judgment that Sanders is prosecuting this appeal.

[1] The first assignment of error complains of the action of the court in overruling appellee's exception and plea in abatement. While the petition showed on its face that the defendant was a nonresident of the county in which the suit was brought, the plea of privilege was properly overruled for the reason that the plaintiff's cause of action was founded upon fraud alleged in the petition to have been committed in the county where the suit was brought, and the defendant did not allege that the allegation that the fraud was perpetrated in that county was inserted in the petition for the fraudulent purpose of conferring jurisdiction; and therefore the plea of privilege was insufficient. Watson v. Baker, 67 Tex. 48, 2 S. W. 375.

[2] The second assignment complains of the alleged action of the trial court in overruling a motion to suppress the deposition of a certain witness. The record does not show that the motion referred to was called to the attention of or ruled upon by the trial court, and therefore that assignment is overruled. The third and fourth assignments complain of certain rulings in regard to the admissibility of certain testimony. There is no merit in these assignments, and they are overruled.

The fifth assignment presents, in another form, substantially the same question ruled on in disposing of the first assignment.

[3] Several objections are urged against the court's charge, and as to the refusal of requested charges; but the only questions presented under those assignments that we care to discuss in this opinion are what constitutes the true measure of damages in a case of this kind, and whether or not the court correctly charged in reference to the plaintiff's alleged lien on the defendant's property in the town of Miles. Counsel for appellant contend that the correct measure of damages is the difference in value between the property alleged to have been misrepresented at the time of the sale and its value, had the facts been as represented. The learned trial judge instructed the jury that the measure of damages was the difference between the value of the property which the plaintiff parted with and the value of that which he received from the defendant. Although authorities tending to support appellant's contention may be found elsewhere, in this state the law is settled to be in accordance with the court's charge. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. See, also, Sigafus v. Porter, 179 U. S. 116, 21 Sup. Ct. 34, 45 L. Ed. 113.

[4] As to the plaintiff's right to foreclose his lien upon other property belonging to the defendant, the court instructed the jury, in substance, that if they found from the testimony that the property in the town of Miles, upon which the plaintiff sought to foreclose his lien, was purchased, in whole or in part, with the property received by the defendant from the plaintiff, then to find that the plaintiff had an equitable lien upon that property. As stated before, the proof shows that appellant conveyed the 510 acres of land in Lampasas county, which he obtained from appellee, and a house and lot in the town of Lampasas, upon which he and his family resided, for certain real estate in the town of Miles. There was no proof as to the value of the house and lot in Lampasas. While counsel for appellant seem to concede that, if appellant had given no other consideration for the Miles property than the tract of land which he had obtained from appellee, the latter, if entitled to recover damages, would have an equitable lien upon the Miles property; their contention is that if the Miles property was paid for in part with other

property, the value of which was not shown, appellee was not entitled to a decree establishing and foreclosing a lien against the Miles property. In other words, the contention is that the burden rested upon appellee to show the respective values of the Lampasas county land, and of the house and lot in the town of Lampasas that were used by appellant in acquiring the property in the town of Miles. It is well settled that, when a trustee mixes the trust fund with his own private funds, the trust will attach to the entire fund; and we think that rule has application to cases of this kind. At any rate, we are of opinion that, if appellant desired to avoid the effect of that rule, the burden was upon him to show the respective values of the two pieces of property that were used by him in acquiring the property in the town of Miles. H. & T. C. Ry. Co. v. Bremond, 66 Tex. 163, 18 S. W. 448; 2 Pom. Eq. §§ 9, 10, 1051, 1053, 1076; Simkins Eq. p. 207; Zundell v. Gess, 73 Tex. 144, 10 S. W. 693; Moore v. First Nat. Bank, 154 Mo. App. 516, 135 S. W. 1005.

Appellant did not allege in his answer that the house and lot in the town of Lampasas, which was used in part payment for the lots acquired in the town of Miles, was his homestead, and therefore exempt from liens; nor do we perceive that it would have made any difference if he had so alleged, unless he had shown the relative value of that property and the tract of land which formed the balance of the consideration for the lots in Miles. It was not appellee's fault that appellant used his homestead in connection with the tract of land on which appellee had an equitable lien in payment for the lots in Miles; and if appellant desired to have those lots protected to the extent that they were paid for with his homestead, it was his duty, and the burden rested upon him, to show the value of the homestead property, in order that the court might in the decree, to that extent, exempt the Miles property from the operation of appellee's equitable lien.

This disposes of all the assignments presented in appellant's brief; and, no reversible error being shown, the judgment is affirmed.

Affirmed.