UNITED S. S. CO. v. HOUSTON PACKING CO. et al. (No. 464.)

(Court of Civil Appeals of Texas. El Paso. May 27, 1915. Rehearing Denied June 17, 1915.)

1. VENUE ⊗⇒32—PRIVILEGE—WAIVER.

A defendant, proceeding to trial on the merits without invoking the court's action on its plea of privilege to be sued in the precinct of its domicile, thereby waives the privilege.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. ⊗⇒32.]

2. APPEAL AND ERROR ⊗⇒916 — PETITION — MISJOINDER OF CAUSES OF ACTION—WAIVER.

Where an exception to a petition for misjoinder of causes of action was not called to the court's attention and no action was taken thereon, the court on appeal will presume that the exception was waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3699–3705; Dec. Dig. ⊗⇒ 916.]

3. CARRIERS ⊗⇒177—CARRIAGE OF FREIGHT—LIABILITY.

Where containers were suitable and proper, and goods were delivered by the initial carrier to the terminal carrier in good condition, and on arrival at destination the goods were damaged and the containers leaking, the terminal carrier was liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 775–789, 791–803; Dec. Dig. ⊗⇒ 177.]

4. CARRIERS ⊗⇒180—CARRIAGE OF FREIGHT—LIABILITY.

Where a shipment was improperly handled by a terminal carrier and injury occurred while in its possession, it was liable without reference to a provision in its bill of lading exempting it from liability for injuries not occurring over its own line.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 815–828; Dec. Dig. ⊗⇒180.]

Appeal from Harris County Court, at Law; K. C. Barkley, Special Judge.

Action by the Houston Packing Company against the United Steamship Company and another. From a judgment for plaintiff against defendant named, it appeals. Affirmed.

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Stewarts and R. W. Houk, all of Houston, and J. E. Quaid, of El Paso, for appellant. Hutcheson & Hutcheson, Baker, Botts, Parker & Garwood, and W. A. Parish, all of Houston, for appellee.

HIGGINS, J. The Houston Packing Company brought this suit in a justice court of Harris county against the United Steamship Company and Galveston, Houston & Henderson Railway Company to recover damages alleged to have been sustained to 50 tierces of lard shipped from Houston, Tex., to Caibairen, Cuba. From the justice court an appeal was taken to the county court at law, where judgment was rendered against the steamship company, from which it prosecutes this appeal. The shipment moved from Houston to Galveston over the Galveston, Houston & Henderson Railway Company, from Galveston to Havana, Cuba, in a boat of the steamship company and thence by rail to Caibairen. Separate bills of lading were issued by the defendants.

[1] By its first assignment appellant complains of the overruling of its plea of privilege, claiming its right to be sued in Precinct 1 of Galveston county, where it was domiciled. The record discloses that it proceeded to trial of the case upon its merits, without invoking the action of the court upon the plea. It was therefore waived. Watson v. Baker, 67 Tex. 48, 2 S. W. 375; Blum v. Strong, 71 Tex. 321, 6 S. W. 167.

[2] The exception to the petition based upon misjoinder of causes of action does not appear to have been called to the attention of the court, and no action thereon was taken. In this condition of the record it would be presumed that the exception was waived. But in any event, the allegations of the petition do not present a case of misjoinder of causes of action. The petition upon its face is sufficient to show a joint liability.

[3] The third assignment questions the sufficiency of the evidence, it being asserted that all of the evidence indicated that all of the damage to the shipment was due to the insufficiency of the tierces containing the lard or the jolting they received in transit from Houston to Galveston. There is ample evidence in the record that the tierces used were suitable and proper containers; that they were delivered in good condition to the steamship company and upon arrival in Havana they were damaged and leaking. This is sufficient to fix responsibility for the damage upon appellant, and the assignment is without merit.

[4] In view of the evidence just noted and the finding of the jury that the shipment was improperly handled by the steamship company and the injury and damage occurred while in its possession, it becomes unnecessary to pass upon the fourth assignment, asserting that:

"A provision in the bill of lading of a steamship company engaged in foreign commerce, exempting it from liability for injuries to goods not occurring while such goods were in transit over defendant's own line, is valid and binding on the shipper."

The damage and injury occurred while the goods were in possession of the steamship company, and not a connecting carrier. The proposition urged therefore has no pertinency under the evidence and findings of the jury.

The fifth assignment is overruled because the evidence and jury's findings establish that the damage was caused by appellant's negligence.

Affirmed.