SLAUGHTER et ux. v. OAKES et al.
(No. 7936.)

(Court of Civil Appeals of Texas. Dallas. April 20, 1918. Rehearing Denied May 18, 1918.)

1. VENUE ☞31—HABEAS CORPUS—FRAUD AS BASIS OF ACTION.

Habeas corpus to recover possession of petitioners' grandchild, of which petitioners allege they were wrongfully deprived by fraudulent representations to the grandchild, inducing her to leave the state, is not a suit in which the fraud alleged is the gist of the action, within the seventh exception of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, as to venue, so as to permit suit in a county other than that of defendant's residence.

2. APPEAL AND ERROR ☞1040(13) — WRONG GROUND OF DECISION.

Where suit is brought in wrong county, overruling plaintiff's exceptions to pleas of privilege, even if the pleas are defective in failing to allege that fraud was charged in the petition for the fraudulent purpose of conferring jurisdiction, is not ground for reversal; the proper result having been reached.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Habeas corpus by W. B. Slaughter and wife against C. E. Oakes and others. From judgment for defendants, plaintiffs appeal. Affirmed.

John W. Pope, of Dallas, for appellants. Spence, Haven & Smithdeal, of Dallas, and Reeder & Reeder and J. B. Dooley, all of Amarillo, for appellees.

TALBOT, J. This suit was instituted by Mr. and Mrs. W. B. Slaughter, husband and wife, in the district court of Dallas county, Tex., against Mr. and Mrs. C. E. Oakes, husband and wife, and Mrs. Eloise Slaughter, in which the plaintiffs seek by writ of habeas corpus to recover possession of Dorothy Corine Slaughter, a girl about 11 years of age. The plaintiffs are the paternal grandparents, the defendants, Mr. and Mrs. Oakes, are the maternal grandparents, and the defendant, Mrs. Eloise Slaughter, is the mother of the child. The plaintiffs resided in Dallas county, Tex., and the defendants, who had the custody of the child when the suit was instituted, resided in Potter county, Tex. The petition, among other things, alleged that Coney Slaughter, the father of the child, did not reside in the state of Texas, and that his whereabouts were unknown to the plaintiffs; that when the child, Dorothy Corine Slaughter, was only 3½ months of age, it was given and turned over to plaintiffs by both its father and mother; that plaintiffs then took possession of Dorothy and carried her to their home; that from the time she was turned over to plaintiffs they, at the special instance and request of her parents, had actual and exclusive control, custody, maintenance, and rearing of Dorothy until on or about January 4, 1916; that on or about that date, while the said child was in the lawful custody of plaintiffs in the city and county of Dallas, in the state of Texas, and whilst attending school, "it was fraudulently seized, taken possession of, and surreptitiously and clandestinely conveyed and spirited away from the lawful custody and possession of the relators and out of the state of Texas, and into the city of Ardmore, state of Oklahoma," by its mother, the said Mrs. Eloise Slaughter, and its said maternal grandmother, Mrs. C. E. Oakes; that this seizure and taking away of Dorothy was the result of a conspiracy entered into by and between her mother, Mrs. Eloise Slaughter, and her maternal grandmother, Mrs. C. E. Oakes; that in furtherance and consummation of said conspiracy said defendants came to the city of Dallas, Tex., and without the knowledge of plaintiffs went to the school where Dorothy was a student, and "fraudulently and falsely" represented to her that her sister was ill in the state of Oklahoma and that it was necessary to carry

her to the bedside of her sick sister in all possible haste, and that Dorothy, without knowing that such representations were false, and in obedience to the command of her mother, went with her, and was thence rapidly carried out of Dallas county, Tex., and into the state of Oklahoma. The petition further alleges that shortly after reaching Oklahoma Dorothy's mother left her in the custody of her maternal grandmother, Mrs. Oakes, and that both of them have refused to redeliver the custody of Dorothy to plaintiffs; that the plaintiff Mrs. W. B. Slaughter filed suit in the district court of Carter county, Okl., in which all of the defendants herein were made parties, to recover possession of the said child, and that final judgment was rendered in said suit, awarding the custody of the child to plaintiff Mrs. W. B. Slaughter, but that notwithstanding said judgment said defendants, Mrs. Eloise Slaughter and Mr. and Mrs. C. E. Oakes, are yet unlawfully withholding the possession of said child from plaintiffs, and refuse to return her to plaintiffs. It is further alleged that the defendants "are temporarily located in the city of Amarillo, Potter county, Tex., and are living in the same house together, and by concert of action are unlawfully holding the custody of the said child in their possession." On the 5th day of February, 1917, the appellees, Mrs. C. E. Oakes, Mrs. Eloise Slaughter, and C. E. Oakes, filed their pleas of privilege in this cause, alleging that they and each of them resided at the date of the institution of this suit in the county of Potter, state of Texas; and the appellees Mrs. C. E. Oakes and Mrs. Eloise Slaughter, in addition to their allegation that they and each of them resided in the county of Potter, Tex., denied specifically the conspiracy and fraud as charged in the petition or application of the appellants for writ of habeas corpus, and prayed for the custody of the said minor child. Whereupon the appellants filed their replication to the said pleas of privilege, excepting to the legal sufficiency thereof. Upon the pleadings so made up, and upon the issues presented by them, the court, on the 5th day of February, 1917, heard and considered the replication of the appellants, and overruled the same, and then heard and considered the said pleas of privilege of the appellees, and, after hearing the evidence, such as was introduced as shown by the statement of facts in this cause, and after hearing the argument of counsel, sustained the said pleas of privilege, and ordered the said cause transferred to the district court of Potter county, Tex., to all of which rulings and orders of the court appellants excepted, and gave notice of appeal.

[1] The appellants present three assignments of error. The first is, in substance, that the district court erred in overruling the exception of appellants to the pleas of privilege of the appellees on the specific ground that they, nor either of them, allege that the charge of fraud and conspiracy averred in appellants' petition was so averred for the fraudulent purpose of conferring jurisdiction on the court in the county where the suit was brought.

The second assignment is to the effect that for the same reason the trial court erred in sustaining said pleas of privilege. The proposition advanced under these two assignments is as follows:

"Where a petition contains fraudulent allegations of fact which, if true, would bring the case under one of the exceptions of the statute which authorizes a defendant to be sued out of the county of his residence, then the defendant must plead in limine to the jurisdiction, setting forth the true facts of the case, and allege that the allegation that the fraud was perpetrated in the county where the suit was brought was inserted in the petition for the fraudulent purpose of conferring jurisdiction, and a plea of privilege, not containing such a charge, is insufficient."

In support of this proposition appellants cite the cases of Watson v. Baker, 67 Tex. 48, 2 S. W. 375, Sanders v. Dunn, 158 S. W. 1041, and Pearce v. Wallis, Landis & Co., 124 S. W. 496.

Watson v. Baker was a suit by Watson to rescind a parol contract alleged to have been induced by Baker's fraudulent representations made in the county where the suit was brought, and the rules of law which govern in cases where a defendant is sued in a county other than that of his residence are clearly stated. Baker pleaded to the jurisdiction of the court on the ground only that he was sued out of the county of his residence, which Watson had alleged was Franklin county, Tex. No action was taken on the plea to the jurisdiction of the court, but after the trial on the merits, the court dismissed the case for want of jurisdiction, the statute not then authorizing a change of venue to the county of the defendant's residence. In reviewing this action of the trial court the Supreme Court, after stating that whenever it becomes apparent to a court, at any stage in the progress of a cause, that it has no authority under the law to adjudicate the issues presented, it becomes its duty to dismiss it, held that the right of a defendant to plead to the jurisdiction of the court, when sued out of the county of his residence, was a personal privilege, which, if not exercised at the proper time and in a proper manner, did not take away the authority of the court to hear and determine the case made against him; that jurisdiction as to the subject-matter must be determined in the first instance by the petition, and where its allegations show a case within the power of the court to decide, the suit will be entertained, unless it subsequently appears that the jurisdictional facts have been fraudulently alleged for the sole purpose of conferring the jurisdiction; but that, when the evidence shows clearly that the court has no power to determine the real case developed, and that the jurisdictional allegations were

fraudulently inserted, the court will dismiss of its own motion. The court, however, further held that if the evidence merely shows that the court has no jurisdiction over the person of the defendant, the rule stated is not applicable; that when the defendant is sued out of the county of his residence, and the plaintiff fraudulently alleges facts which would bring the case under one of the exceptions to the general rule laid down in the statute, he must plead in limine to the jurisdiction of the court, and must in his plea set forth the true facts of the case and allege the fraudulent purpose of the petition. Manifestly, Watson v. Baker, which is cited and followed in Sanders v. Dunn, supra, a suit similar in its facts, is authority for the proposition that in a suit in which the fraud alleged is the gist of and constitutes the plaintiffs' cause of action, the defendant in his plea of privilege to be sued in the county of his residence "must set forth the true facts of the case and allege the fraudulent purpose of the petition." But a habeas corpus proceeding to recover the possession of a child is a civil suit, and, like any other such action, the proper venue is ordinarily the county of the defendant's residence; and, where fraud is alleged to bring the case under the seventh exception of article 1830, Vernon's Sayles' Civil Statute, the fraud must be the gist or basis of the action. So that if the conduct of Mrs. Eloise Slaughter in regaining possession of her child under the circumstances of this case could be regarded as fraudulent within the meaning of our statute, such fraud is not the gist or basis of appellant's action. Sheffield v. Rousey, 153 S. W. 653. As was similarly said in the case here cited, their cause of action rests upon the fact that they probably have been unlawfully deprived of the possession and custody of their minor granddaughter, and, in so far as their right of recovery is concerned, it is immaterial that the appellees surreptitiously and without the knowledge of appellants secured possession of the child and by false and fraudulent representations made to it induced the child to accompany them without complaint or resistance. The decision made in the cited case is clearly grounded upon the proposition that the fraud alleged therein was not the gist of and did not constitute the plaintiffs' cause of action. What is said in the court's opinion to the effect that the testimony showed that, when the child was carried from Brown county, the plaintiff voluntarily went with it; and that the proof fails to show that his possession and right to control the child were interfered with by either of the defendants until they reached the home of the child's grandparents in Pecos county, should be, in our opinion, regarded as mere argument, and not as expressing facts which materially affected and induced the decision made. The decision based upon the ground stated was, we think, correct, and yet it oc-

curs to us that the facts of that case presented stronger reasons for holding that the case came under the seventh exception of article 1830 of the statute than do the facts of the case at bar. There the alleged fraud was perpetrated and operated directly upon the father of the child, and the existence of the alleged facts constituting the fraud was shown. Here no representation is charged to have been made by either of the appellees to either of the appellants for the purpose of obtaining possession of the child, Dorothy Corine Slaughter. The charge, in substance, is that in pursuance of a conspiracy the mother and maternal grandmother of the child came to the city of Dallas, and, without apprising the appellants of the presence or design surreptitiously went to the school where the child was a student and took her away. The substance of the allegations of false and fraudulent representations are that the mother stated to Dorothy, when she found her, "that her sister was ill in the state of Oklahoma, and that it was necessary to carry her to the bedside of the said sick sister in all possible haste." The testimony offered in support of these allegations, so far as the record shows, is that of little Dorothy. She testified that her mother told her "that Glady's blue veins were still showing, and she was going to take her to the doctor, and she wanted me to come along with her." She further testified:

"Gladys is my little sister. I then went on over to the school, where I talked with Mrs. Morgan, the teacher, and then I went on over to the house, and my mother took me from my home. My grandmother, Mrs. W. B. Slaughter, was not there at the time."

She further said:

"I did go and see my sister. She was sick— her veins were showing. I saw my sister at the Interurban Station, and also saw my grandmother Oakes there."

[2] The facts alleged in appellants' petition and the evidence adduced being insufficient to bring the case under the seventh exception to the venue statute—that is, the fraud alleged not being the gist or basis of appellants' action—the overruling of appellants' exceptions to the pleas of privilege of the appellees, even if said pleas were defective in failing to allege that the matters of fraud charged in appellants' petition were inserted therein for the fraudulent purpose of conferring jurisdiction, furnishes no ground for a reversal of the case, as the proper result has been reached, and no harm done appellants by that specific ruling.

The third assignment of error is to the effect that the trial court erred in sustaining appellees' pleas of privilege, because the testimony adduced upon the hearing of said pleas establishes the fact, which is uncontroverted, that the subject-matter of this suit was secured, acquired, and removed out of the possession, control, and custody of the appellants by fraud perpetrated by appellees in Dallas county, Tex.; hence the court err-

ed in sustaining said pleas. This assignment is disposed of against appellants by our discussion of their first and second assignments. Both the allegations and the proof show that the fraud alleged "is not the gist of and does not constitute the appellants' cause of action," but, as said before, their cause of action is founded upon the fact that they have been and probably are unlawfully deprived of the possession and custody of their grandchild, and the fraud alleged, in so far as their right of recovery is concerned, is immaterial.

For the same reason the ninth exception to the general rule laid in the statute on the ground of crime cannot be invoked, which in fact is not done by the pleadings, as authorizing the maintenance of the suit in Dallas county.

The case of Finney v. Walker, 144 S. W. 679, is cited in support of the contention of appellants. That case is not in conflict with Sheffield v. Rousey, cited above to sustain the conclusions we have reached in this case.

The judgment of the district court is affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes