J. E. WALLING, Jr., et al., Appellants,

v.

NORTH CENTRAL TEXAS MUNICIPAL WATER AUTHORITY, Appellee.

No. 3734.

Court of Civil Appeals of Texas.

Eastland.

July 13, 1962.

Rehearing Denied Sept. 7, 1962.

King, Willoughby & Vletas, Abilene, for appellants.

Will Wilson, Atty. Gen., Austin, Mc-Mahon, Smart, Sprain, Wilson & Camp, Abilene, for appellee.

PER CURIAM.

J. E. Walling, Jr. and other taxpayers within the North Central Texas Municipal Water Authority filed suit against the Authority and its Board of Directors seeking to enjoin and prohibit them from assessing and collecting taxes under an act of the legislature creating the Authority on the ground that the act is unconstitutional. In a non-jury trial the court rendered a judgment that the plaintiffs take nothing.

The plaintiffs have appealed. They contend the court erred in rendering such judgment because the act creating the Authority is unconstitutional because it deprives them of a republican form of government, is a local law, and disfranchises them and deprives them of their property without due process of law.

The agreed statement of facts is substantially as follows: The North Central Texas Municipal Water Authority is a water improvement district created by an act of the legislature in Section 193 of Article 8280 of the Vernon's Revised Civil Statutes of Texas; that plaintiffs are landowners and taxpayers within said District; that the Authority has assessed and is attempting to collect taxes upon plaintiffs' property; that the Board of Directors of the Authority has been appointed by the city councils of each of the towns constituting the District; that the Board of Water Engineers of the State of Texas called an election in the

towns of Seymour, Knox City, Munday, Goree, Haskell, Rule and Rochester, Texas, on June 17, 1958, for or against the proposition of whether or not the establishment of the Authority "shall be confirmed to include each city in which the majority vote favors confirmation"; that on the 26th of June, 1958, the returns were canvassed and the results were that Seymour, Munday, Goree, Haskell and Rule would compose the Authority and that Knox City and Rochester would not be included; that on the 6th day of September, 1958, an election was held to determine whether or not the Authority should be authorized to issue bonds in the amount of $4,800,000.00 and levy and collect ad valorem taxes on all taxable property in the Authority; that a majority of the voters in each of the towns then composing said Authority voted in favor of the issuance of said bonds, except the town of Seymour; that Seymour was detached from the territory of the Authority by proper resolution of the Board of Directors; that the Board of Directors also passed a resolution on September 11, 1958, that the $4,800,000.00 worth of bonds would not be issued for the reason that Seymour had voted against them; that on the 6th day of September, 1958, the respective city councils of Munday, Goree, Haskell and Rule called elections and the qualified voters were permitted to vote on the proposition of whether or not said towns should enter into a contract with the Authority for the purchase of water. Each of the cities voted in favor of making such a contract, and said four cities entered into contracts with the Authority, and agreed to purchase certain minimum amounts of water from said Authority if, as and when it was available; that the Board called an election to be held on October 11, 1958, in the District then being composed of the towns of Munday, Goree, Haskell and Rule, to determine if the Authority would be authorized to issue bonds in an amount not to exceed $3,800,-000.00 for the purpose of providing a source of water supply for the cities and other users as authorized by the act creating the Authority by constructing dams, plants and other facilities necessary for the purpose of impounding and transporting water to the cities and to levy and collect ad valorem taxes on all taxable property in the Authority for the payment of said bonds; that the results of the election favored issuing the bonds and the Authority authorized the issuance of bonds in the amount of $150,-000.00 to be repaid from ad valorem taxes on all taxable property in the Authority; that the bonds were dated June 1, 1960; that said bonds were approved by the Attorney General of the State of Texas and registered with the Comptroller of Public Accounts and have been sold and delivered in the amount of $125,000.00 thereof, there being on hand unsold and undelivered $25,-000.00 of said bonds; that the Board of Water Engineers of the State of Texas on October 3, 1961, issued a permit to the Authority to construct and maintain a dam on Miller's Creek in Baylor County with a capacity of 25,520 acre feet of water.

The Authority is a conservation and reclamation district created by the legislature pursuant to Section 59 of Article 16 of the Constitution of Texas, Vernon's Ann. St. In his able brief and in his vigorous argument appellants' counsel contends that Section 3 of Article 8280—193 is unconstitutional because it provides for the appointment of a Board of Directors by a majority vote of the elected governing bodies of the cities in the District. He contends the citizens in the District are deprived of a republican form of government as provided for in Section 2 of Article 1 of the Constitution of the State of Texas and Section 4 of Article 4 of the Constitution of the United States. Appellants contend that the recent decision by the United States Supreme Court in Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663, supports their contentions. This case involved the Tennessee apportionment act of 1901. Mr. Justice Stewart in a concurring opinion said:

"The separate writings of my dissenting and concurring Brothers stray

so far from the subject of today's decision as to convey, I think, a distressingly inaccurate impression of what the Court decides. * * * The Court today decides three things and no more: '(a) that the court possessed jurisdiction of the subject matter; (b) that a justiciable cause of action is stated upon which appellants would be entitled to appropriate relief; and (c) * * * that the appellants have standing to challenge the Tennessee apportionment statutes.' "

The Texas Supreme Court in the case of Houston & T. C. Railway Company v. Harry and Bros., 63 Tex. 256, said:

"He that claims an act of the legislature to be in conflict with the Constitution must be able to put his finger on the provision of the Constitution infracted, and it must clearly appear that such is the character of the act or it cannot be so held.

"It is not enough that the act may seem to be impolitic, or that it may be in conflict with what may seem to be, abstractly considered, a correct theory of right; if it be not in conflict with the spirit and the letter of the Constitution, the former to be ascertained from the language in which the Constitution is written, it is the duty of a court to hold the act valid."

The results of an election held by the towns in the District favored the issuance of bonds for the purpose of providing a source of water supply to be repaid from ad valorem taxes on all taxable property in the District. We have reached the conclusion that Baker v. Carr, supra, is not in point and, therefore, does not support appellants' contention. We find nothing in the United States Constitution or in the State Constitution which would authorize us to say that the citizens of the Authority are being deprived of a republican form of government.

■ Appellants' point that the act creating the Authority is unconstitutional because it is a local or special law was decided contrary to their contention by our Supreme Court in the case of Harris County Flood Control District v. Mann, 135 Tex. 239, 140 S.W.2d 1098. The court said:

"We are of the opinion that we have disposed of the contention that the 1937 Act violates that part of Section 56 of Article III of our State Constitution above indicated in our holding that this Act creates this District as a State governmental agency, a body politic and corporate, separate, distinct, and independent within itself. Simply stated, the Act of 1937 is fully authorized by Section 59 of Article XVI of our State Constitution, and the Act creating this District should not be classed as a local or special law within the meaning of the constitutional provision under discussion. Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629; Brazos River Con. & Rec. Dist. v. McCraw, 126 Tex. 506, 91 S.W.2d 665."

■ Appellants' point that the act creating the Authority is unconstitutional under Section 19, Article 1 of the Constitution of the State of Texas and Section 1, Amendment 14, of the Constitution of the United States in that it disfranchised and deprived the citizens in the Authority of their property without due process of law is without merit. Following the prescribed statutory procedure, the citizens of the District, by a majority vote, favored coming under the terms of the statute and the issuance of the bonds to be repaid from ad valorem taxes on all taxable property in the Authority.

The judgment is affirmed.

GRISSOM, C. J., not sitting.