Charles R. BROWN et al., Appellants,

v.

MEMORIAL VILLAGES WATER AUTHORITY et al., Appellees.

No. 14058.

Court of Civil Appeals of Texas.

Houston.

Oct. 18, 1962.

Rehearing Denied Nov. 8, 1962.

**454**

Irion, Cain, Cocke & Magee and Richard H. Cocke, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Wiley Caldwell, and John M. Sanders, Houston, for appellees.

BELL, Chief Justice.

This is an appeal from an order refusing an injunction. Appellants were tax payers within the corporate limits of Memorial Villages Water Authority, herein called Authority. They sought to enjoin the Authority and the persons composing the Board of Supervisors of such Authority from issuing and disposing of bonds voted by the residents of the Authority, or from using the proceeds of any bonds sold for the purchase or construction of a sanitary sewer system or from contracting for such purchase or construction.

The Authority is a conservation and reclamation district created by the Legislature pursuant to the authority conferred by Section 59, Article XVI of the Constitution of Texas, Vernon's Ann.St. It was created by an act of the 57th Legislature, 1962 Third Called Session. Article 8280-271, V.A.T.S. The territorial limits of the Authority are prescribed in the Act and cover the area within the corporate limits of Hedwig Village, Piney Point Village (except for a designated 0.19 square mile) and Hunters Creek Village.

Pursuant to the statute an election was held to determine whether the Authority should issue bonds in the amount of $3,500,-000.00, for the purpose of purchasing, constructing, etc., a waterworks and sanitary sewer system. Too, the election was to determine whether the payment of bonds should be financed through the levy and collection of a tax. The election resulted in a favorable vote for the bonds and tax.

At the time of the creation of the Authority and at all material times thereafter there was a sanitary sewer system being operated in a part of the territory that is within the territorial limits of the Authority. The system was being operated by Memorial Villages Supply Corporation, herein called Corporation, a private corporation. It was, however, stipulated that Mr. Chapman, Plumbing Inspector for Hunters Creek Village, would testify that the services of said private corporation were available to residents who desired them upon the payment of the fees charged by the Corporation.

Unquestionably as shown by the record it was represented to the residents of the Authority that a portion of the bond money would be used to purchase the system of the Corporation, or its lines would be parallel.

■ Appellants seek injunctive relief on the basis of two assertions:

1. They say the Authority could not vote bonds and levy a tax to be used in acquiring or establishing a sanitary sewer system because there was already a public sanitary sewer system being operated within the limits of the Authority and that Article 7930–4, V.A.T.S. prohibits such under such circumstances.

2. They say Article 8280–271, V.A.T.S., is unconstitutional because it is a special statute levying a tax when Section 3, Article VIII, of the Constitution, provides that taxes may be levied and collected only by general law.

Section 4 of Article 8280–271, by broad general language, gives the Authority all rights, powers and privileges conferred by general laws on fresh water supply districts organized under Section 59, Article XVI of the Constitution. Additionally said Section 4 gives all the rights, powers and privileges conferred by Chapter 4 of Title 128, Revised Civil Statutes of Texas, and the amendments thereto, including all powers and authority relating to sanitary sewer systems and issuance of bonds therefor as authorized by and provided in Article 7930–4.

Article 7930–4 gives fresh water supply districts the authority to purchase, construct, etc., sanitary sewer systems. Then the Article has this proviso: "* * * provided no other public sanitary sewer system is available for the area * * *."

Appellants say this proviso prevents the Authority from operating a sanitary sewer system and bonds voted for such purpose are therefore invalid because the Memorial Villages Supply Corporation is and was operating a sanitary sewer system in the territorial limits of the Authority.

We overrule this contention.

The sanitary sewer system in operation is not within the meaning of the statute a "public" sanitary sewer system. It is op-

erated by a private corporation. It is true its services are available to the members of the public who desire them and who pay the fees charged. This does not change the system to a public system within the meaning of the statute. We hold that when the Legislature in Article 7930–4 used the term "public" it meant not a privately operated system available to members of the public, but a system operated by a governmental body.

■ In determining the legislative intent it is to be presumed the Legislature was acquainted with the conditions affecting the area to be affected by the legislation. Imperial Irr. Co. v. Jayne, 104 Tex. 395, 138 S.W. 575; Frass v. Darrouzett School Dist., 277 S.W. 751, C.C.A., error dism. Here the presumption is strengthened because the record shows that a legislative committee held a public hearing within the area of the Authority on the proposed legislation to create the Authority. The committee must have known that there was within the area a sanitary sewer system operated by a private corporation where the members of the public, upon payment of a fee, could obtain service. Yet with this knowledge the Legislature authorized the Authority to purchase, construct, etc., a sanitary sewer system if there was no public sanitary sewer system in the area. If it used the term "public" to mean, as appellants contend, a system operated by a private corporation, but the facilities of which were available to the public, then the Legislature did a meaningless and useless thing in authorizing the Authority to purchase, construct, etc., a sanitary sewer system. It must be presumed the Legislature did not intend to do a useless thing. Duson v. Poage, 318 S.W.2d 89, C.C.A., ref., n. r. e.

That appellee is not a public, but a private corporation, is established by Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973, 136 A.L.R. 177.

What the Legislature intended in the amendment of Art. 7930–4 was to prevent

conflict between governmental agencies that might occupy a part of the same area where each agency might attempt to operate a sanitary system. Water Control & Improvement Districts (Art. 7880–3a, V.A.T.S.), Counties (Art. 2352, V.A.T.S.), and Cities (Arts. 1101 and 1175, V.A.T.S.), are all authorized to establish sanitary sewer systems.

 Appellant further contends that Article 8280–271 is unconstitutional because in violation of Article VIII, Section 3, providing that "Taxes shall be levied and collected by general laws and for public purposes only." The position of appellant is that Section 6 of Article 8280–271 sets up a different method for collecting taxes than is provided by general laws governing fresh water supply districts. These general laws are Articles 7881–7959a, V.A.T.S. The substance of the general laws is that the assessor and collector of taxes shall be a resident of the district and be elected for two years. Article 8280–271, Section 6, provides for the appointment of the assessor and collector by the Board of Supervisors of the Authority and he shall serve at the Board's pleasure. He need not be a resident of the district. Too, said section authorizes the Board of Supervisors to contract with Harris County, a school district, city, town or village, to handle the assessment and collection of taxes.

The Authority was not created as a fresh water supply district. It is true that it was given the powers of a fresh water supply district, but it was also given additional and broader powers. It was created as a conservation and reclamation district under the authority of Article XVI, Section 59.

The act creating the Authority is not a local or special act just because it operates in a defined area since it operates on a subject in which the people of the State are interested, that is, the conservation and development of natural resources. County of Cameron v. Wilson, 160 Tex. 25, 326 S.W. 2d 162.

It is true that the act provides a different mechanical method for the assessment and collection of taxes, but it is a general law that prescribes the method of assessment and levy.

Further, Article XVI, Section 59, of the Constitution, under which the Authority was created, authorizes the Legislature to create conservation and reclamation districts and to provide for the levy and collection of taxes. There is no requirement that the method to be employed shall be the same in each district. If there were any conflict between the two constitutional provisions, and we do not think there is, Article XVI, Sec. 59, would control since it is the latest expression of the people and also it deals specifically with the reclamation and conservation districts while Article VIII, Sec. 3, is general in nature. Cramer v. Sheppard, 140 Tex. 271, 167 S. W.2d 147.

The judgment of the trial court is affirmed.