

# The Attorney General of Texas

November 10, 1981

I have Opinion
Identifies Opinion

*MW-265

when conflicts

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles W. Evans, Chairman
House Committee on Government
  Organization
P.O. Box 2910
Austin, Texas  78769

Opinion No.  MW-388

Re:  Per diem to be received
by Board of Nurse Examiners

Dear Mr. Evans:

Article 4515, V.T.C.S., applies to the Board of Nurse Examiners. As amended by Senate Bill No. 575, it provides in part as follows:

> Each member of the board is entitled to a per diem as set by legislative appropriation for each day that the member engages in the business of the board. A member may not receive any compensation for travel expenses, including expenses for meals and lodging, other than transportation expenses. A member is entitled to compensation for transportation expenses as provided by the General Appropriations Act.

Acts 1981, 67th Leg., ch. 772, at 2888. The current General Appropriations Act, however, provides that the per diem for members of the Board of Nurse Examiners shall be:

> actual expenses for meals and lodging plus an additional $100 for each day the member is engaged in official business of the Board.

General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. I, at 3460.

There is a conflict between article 4515, as amended, and this appropriations act provision. You ask whether the former or the latter controls.

We recently addressed a similar question raised by the Texas Amusement Machine Commission. See Attorney General Opinion MW-365 (1981). The commission's inquiry stemmed from a similar conflict between amended article 4413(41), V.T.C.S., and the current appropriations act provision which applies to the commission. We

there held that to the extent that article 4413(41) and the appropriations act provision could not be reconciled, the former controlled.

House Bill No. 957, also passed by the Sixty-seventh Legislature, has been brought to our attention. It enacts article 6813f, V.T.C.S., which provides as follows:

> Section 1.  In this Act, 'state board or commission' means a board, commission, committee, council, or other similar agency in the state government that is composed of two or more members.
>
> Sec. 2.  If a member of a state board or commission is entitled by law to per diem relating to the member's service on the board or commission, the amount of per diem is the amount prescribed by the General Appropriations Act.
>
> Sec. 3.  Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act.  If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act.  If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act.

Acts 1981, 67th Leg., ch. 428, at 1840-41.  Article 6813f became effective on August 31.

Attorney General Opinion MW-365 did not consider article 6813f. For the following reasons, however, we conclude that this new statute dictates a different result than we reached in that opinion, and that it also controls your question.

Article 6813f specifies that the per diem of an eligible state board or commission member shall be the amount prescribed by the General Appropriations Act.  Sec. 2.  It suspends each law prescribing the amount of a board or commission member's per diem to the extent of conflict. Sec. 3.  To determine its impact, we must first ascertain the meaning of the term "per diem" as used therein. We must then determine its effect upon statutes such as articles 4413(41) and 4515.

In the past, "per diem," at least as used in Texas statutes, has denoted a fixed daily rate payment provided in lieu of, or in addition

to, actual expenses such as those for meals and lodging. Actual expenses, in other words, have not been regarded as part of one's per diem. See, e.g., V.T.C.S. art. 6823a; former article 4515. Were it not for its explicit reference to the appropriations act, we would conclude that article 6813f does not purport to redefine this term. Article 6813f provides, however, that the amount of "per diem" to which a board or commission member is entitled shall be the amount prescribed in the appropriations act. And as we have noted, the appropriations act provides that "per diem" consists of:

> actual expenses for meals and lodging plus an additional $100 for each day the member is engaged in official business of the Board.

Acts 1981, 67th Leg., ch. 875, art. I, at 3460.

We believe the wording of article 6813f and this appropriations act provision plainly reflects a legislative intent to adopt, for at least the two year biennium, a more expansive definition of "per diem" which embraces both actual expenses for meals and lodging and a flat daily rate payment. We believe it is clearly within the province of the legislature to define "per diem" in these terms. Furthermore, we perceive no constitutional or other barrier to its doing so in this manner. Accordingly, we conclude that "per diem," as thus defined, becomes controlling by virtue of general law represented by article 6813f.

The remaining question concerns the relationship between article 6813f and statutes such as articles 4413(41) and 4515. As a general rule, statutes enacted during the same session of the legislature will be harmonized so that all may stand together. Wright v. Broeter, 196 S.W.2d 82 (Tex. 1946); Martin v. Sheppard, 201 S.W.2d 810 (Tex. 1947). Harmony cannot be achieved, however, where there is an absolute repugnancy between or among the statutes in question. Wright v. Broeter, supra; see also Jefferson County v. Board of County and District Road Indebtedness, 182 S.W.2d 908 (Tex. 1944). Such repugnancy obviously exists here: article 6813f expressly authorizes reimbursement for expenses which statutes such as articles 4413(41) and 4515 expressly forbid.

In any instance involving the construction of a statute, or of several statutes, the dominant inquiry must necessarily be: what did the legislature intend? Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593 (Tex. 1975); Calvert v. Texas Pipe Line Co., 517 S.W.2d 777 (Tex. 1974). In ascertaining legislative intent, one may consider the history of the subject matter, the end to be attained, and the purposes to be accomplished. Calvert v. Fort Worth National Bank, 356 S.W.2d 918 (Tex. 1962); Carroll v. Bullock, 530 S.W.2d 135 (Tex. Civ. App. - Austin 1975, no writ). In our opinion, there can be no question that article 6813f expresses the legislature's intent with regard to the subject of per diem. It appears certain, moreover, that the precise reason for its enactment was to override conflicting

provisions regarding per diem in statutes such as articles 4413(41) and 4515.

It has been suggested that inasmuch as article 6813f is a "general" statute and articles 4413(41) and 4515 are "special" statutes, the latter must prevail, on the theory that special statutes more accurately reflect the legislature's intent. But this is not a hard and fast rule. As the court observed in City of Lake Dallas v. Lake Cities Municipal Utility Authority, 555 S.W.2d 163, 168 (Tex. Civ. App. - Fort Worth 1977, writ ref'd n.r.e.):

> But it is well settled that provisions in a general act will not control those in a local or special act unless there is clear evidence of such legislative intent. (Citation omitted). In the absence of clear evidence that the Legislature intended the general law to control, the local or special act is deemed the more accurate reflection of legislative intent. (Emphasis added).

And as the court noted in International Fidelity Insurance Company v. Sheriff of Dallas County, 476 S.W.2d 115, 118 (Tex. Civ. App. - Beaumont 1972, writ ref'd n.r.e.), a case in which counsel argued that special statutes prevail over general acts:

> Neither party cites to us some of the other rules governing statutory construction; namely, that the objective of the court, when called upon to construe legislative enactments, is to ascertain the purpose of the legislature in the enactment of the laws relating to the particular matter; and, the intention of the legislature is to be ascertained from the language of the statutes and to give effect to all laws bearing upon the same subject....

See also E. Crawford, Construction of Statutes §§167, 230 (1975).

As we have noted, the clear intent of article 6813f is to supercede conflicting provisions regarding per diem in statutes such as articles 4413(41) and 4515. In light of this, it is apparent that article 6813f not only should, but must prevail, to the extent of conflict, over these statutes. To conclude otherwise is to render the statute meaningless, and thus to ascribe to the legislature an intent to enact an ineffectual statute. "We should not interpret the [statute] so as to convict the legislature of foolish and futile action." State ex rel. Childress v. School Trustees of Shelby County, 239 S.W.2d 777, 781 (Tex. 1951).

We therefore conclude that the Board of Nurse Examiners is subject to the per diem provisions of the General Appropriations Act.

### S U M M A R Y

The Board of Nurse Examiners is subject to the per diem provisions set forth in the General Appropriations Act. Attorney General Opinion MW-365 (1981) is modified to the extent that it dictates a different result.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Bill Campbell
Rick Gilpin
Jim Moellinger