

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

January 4, 1990

Honorable Mark Edwards
Reagan County Attorney
P. O. Box 924
Big Lake, Texas 76932

Opinion No. JM-1132

Re: Compensation of the tax assessor-collector for the Reagan County Hospital District (RQ-1877)

Dear Mr. Edwards:

You ask what statute governs payment for the tax assessor-collector for the Reagan Hospital District of Reagan County. You state that there is a conflict between the provisions set out in the hospital district's enabling statute, Acts 1977, 65th Leg., ch. 29, at 45, and the applicable provisions of the Tax Code.

Section 16 of the hospital district's enabling act governs the collection of taxes. Hospital district taxes are to be assessed and collected by the county tax assessor-collector unless the directors of the hospital district elect to appoint a tax assessor-collector. We understand from your brief that you are asking about payment for the services of the county tax assessor-collector rather than for an assessor-collector appointed by the board.

The two provisions in question are section 16(b) of the hospital district's enabling statute and section 6.27(b) of the Tax Code. Section 16(b) of the hospital district's enabling statute provides in part:

> The assessor-collector of taxes [for the county] shall charge and deduct from payments to the hospital district an amount as fees for assessing and collecting the taxes, at a rate of up to two percent of the amounts collected, as determined by the board of directors, <u>but the amount paid may not exceed $5,000 in any one calendar year</u>. The fees shall be deposited in the officers salary fund of the county and reported as fees of office of the county tax assessor-collector.

Section 6.27(b) of the Tax Code[1] provides that a county tax assessor-collector who collects taxes for a taxing unit other than the county is entitled to a reasonable fee, not to exceed actual costs. Those two provisions conflict because they set different standards for determining the amount of payment for the services of the county tax assessor-collector.

Section 6.27(b) of the Tax Code is a more general provision than section 16(b) of the hospital district's enabling act, and section 6.27(b) is the later-enacted of the two statutes.[2] A special law prevails over a later general law on the same subject unless the manifest intent is that the general law prevail. Gov't Code § 311.026; see City of Lake Dallas v. Lake Cities Mun. Util. Auth., 555 S.W.2d 163, 168 (Tex. Civ. App. - Fort Worth 1977, writ ref'd n.r.e.) (must be clear evidence of legislative intent that general law prevail); see also Attorney General Opinion MW-388 (1981).

This is an instance in which the legislative intent is explicit that the general law should prevail. Section 6(b) of the bill enacting the Property Tax Code (Title 1 of the Tax Code) provided:

> All other general, local, and special laws in conflict with this Act are repealed to the extent of the conflict, and the failure expressly to repeal or amend any law in conflict with this Act is not evidence of a legislative intent that the law not be repealed.

---

1. Section 6.27 is in Title 1 of the Tax Code. Title 1 is also called the Property Tax Code.

2. The hospital district's enabling statute was adopted in 1977. Acts 1977, 65th Leg., ch. 29, at 45; see also Acts 1987, 70th Leg., ch. 1034, § 6, at 3489 (deleting part of section 16(c) dealing with board of equalization). Section 6.27 of the Tax Code was adopted in 1979 as part of the bill enacting the Property Tax Code (Title 1 of the Tax Code). Section 6.27 was not derived from a statute of equally broad application. Rather, it was derived from several provisions in the Water Code. Derivation Table, 1 V.T.C.A. Tax Code, at XXVII (1982).

Acts 1979, 66th Leg., ch. 841, § 6, at 2330. Also, section 1.02 of the Tax Code provides in part:

> This title [the Property Tax Code] applies to a taxing unit that is created by or pursuant to any general, special, or local law enacted before or after the enactment of this title unless a law enacted after enactment of this title by or pursuant to which the taxing unit is created expressly provides that this title does not apply.

Those provisions leave no doubt that the legislature intended the provisions of the Property Tax Code to supersede conflicting provisions applicable to taxing units such as a hospital district. Therefore, we conclude that section 6.27(b) governs payment for the county tax assessor-collector for assessing and collecting taxes for the hospital district. See generally Attorney General Opinions JM-996 (calculating "actual costs"); JM-655 (1987) (reasonable fee not to exceed actual costs).

### S U M M A R Y

The county tax assessor-collector for Reagan County is to be compensated for assessing and collecting taxes for the Reagan Hospital District in accordance with section 6.27(b) of the Tax Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General