Office of the Attorney General · State of Texas



September 9, 1999

The Honorable James Warren Smith, Jr.             Opinion JC-0110
Frio County Attorney
500 East San Antonio Street, Box 1               Re:   Authority of a court with jurisdiction of
Pearsall, Texas 78061-3100                       truancy cases to compel the appearance in court of
                                                 a truant who is living with a custodian, and related
                                                 question   (RQ-0043)

Dear Mr. Smith:

        A court with jurisdiction over a juvenile alleged to have engaged in truant behavior under section 51.03(b)(2) of the Family Code may direct the juvenile's "custodian" to appear personally in court and to bring the juvenile. *See* TEX. FAM. CODE ANN. § 54.021(g) (Vernon 1996). A "custodian" is the "adult with whom the child resides." *Id.* § 51.02(3). You ask how a court with such jurisdiction lawfully may compel a juvenile charged with failure to attend school to appear in court when the juvenile is living with a custodian rather than a parent, managing conservator, or guardian. Consistently with section 54.021(g) of the Family Code, we conclude the court may direct the custodian to appear in court and to bring the juvenile. *See id.* § 54.021(g).

        You also ask whether a county court, sitting as a juvenile court, may waive jurisdiction of all truancy cases, as a class, or whether the juvenile court must waive jurisdiction on a case-by-case basis. Section 54.021(a) of the Family Code authorizes the juvenile court to waive jurisdiction of truancy cases either as a class or on a case-by-case basis. *See id.* § 54.021(a).

        In general, a child between the ages of six and eighteen years of age must attend school "each school day for the entire period the program of instruction is provided." TEX. EDUC. CODE ANN. § 25.085(a) (Vernon 1996). *But see id.* § 25.086 (listing exemptions from compulsory school attendance requirement) (Vernon 1996 & Supp. 1999). A child with unexcused, voluntary absences on ten or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period without the child's parents' consent commits a Class C misdemeanor (which we will refer to as "failure to attend school" or "truancy"). *See id.* § 25.094(a), (f) (Vernon 1996); TEX. FAM. CODE ANN. §§ 51.03(b)(2) (Vernon Supp. 1999); 51.03(d) (Vernon 1996) (listing excused absences).

        Failure to attend school also constitutes "conduct indicating a need for supervision," and a juvenile court has exclusive jurisdiction over cases involving such conduct. TEX. FAM. CODE ANN. § 51.04(a) (Vernon 1996). A juvenile court may, however, waive its exclusive jurisdiction of cases

involving failure to attend school. *See id.* § 54.021(a). If the juvenile court has properly waived its jurisdiction of some or all truancy cases, a justice or a municipal court may exercise jurisdiction over a person who is alleged to have failed to attend school. *See id.* § 54.021(b). "A waiver of jurisdiction . . . may be for an individual case or for all cases in which a child is alleged to have engaged in conduct described in Section 51.03(b)(2) of this code [relating to failure to attend school]." *Id.* § 54.021(a). If the juvenile court waives jurisdiction of all truancy cases, the waiver is effective for one year. *Id.*

The court having jurisdiction of truancy cases has certain tools at its disposal to compel the appearance in court of the person charged with failure to attend school:

> (g) A court having jurisdiction under this section shall endorse on the summons issued to the parent, guardian, or custodian of the person who is the subject of the hearing an order directing the parent, guardian, or custodian to appear personally at the hearing and directing the person having custody of the person to bring the person to the hearing.

> (h) A person commits an offense if the person is a parent, guardian, or custodian who fails to attend a hearing under this section after receiving notice under Subsection (g) of this section that the person's attendance was required. An offense under this subsection is a Class C misdemeanor.

*Id.* § 54.021(g), (h). A "custodian" is "the adult with whom the child resides." *Id.* § 51.02(3).

You indicate that the juvenile court in your county, a constitutional county court, has waived its original jurisdiction "over all cases *en masse* involving juvenile truants, alleged to" have committed conduct indicating a need for supervision under section 51.03(b)(2) of the Family Code. *See* Letter from Honorable James Warren Smith, Jr., Frio County Attorney, to Attorney General of Texas (Mar. 17, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. Many of the juveniles, your letter states, do not reside with a parent, guardian, or managing conservator, *i.e.*, someone with a legal tie to the juvenile, but rather with a custodian, as that term is defined in section 51.02(3) of the Family Code, such as an aunt, uncle, cousin, or grandparents. *See* Request Letter, *supra*, at 2.

Section 54.021(g) of the Family Code explicitly authorizes a court with jurisdiction of truancy cases to compel the custodian to bring the juvenile before the court. *See* TEX. FAM. CODE ANN. § 54.021(g) (Vernon 1996) (authorizing court with jurisdiction of truancy cases to order custodian to appear at hearing and to direct custodian to bring juvenile). Under section 54.021(g), a court with jurisdiction over an alleged failure to attend school must endorse on the summons issued to the juvenile's parent, guardian, or custodian an order directing the person personally to appear at

the hearing on the complaint and to bring the juvenile. The custodian's failure to obey constitutes a Class C misdemeanor. *See id.* § 54.021(h).

But your letter suggests that a custodian, as opposed to a parent, guardian, or managing conservator, cannot be compelled by summons to appear in the appropriate court. *See* Request Letter, *supra*, at 2; *see also* TEX. FAM. CODE ANN. § 51.02(4), (9) (Vernon 1996) (defining "guardian" and "parent"). You premise this proposition on section 54.022(e) of the Family Code. *See* Request Letter, *supra*, at 2; *see also* TEX. FAM. CODE ANN. § 54.022(e), *renumbered by* Act of Apr. 29, 1999, 76th Leg., R.S., ch. 76, § 3, 1999 Tex. Sess. Law Serv. 436, 439.

Section 54.022 is inapplicable in the circumstances you describe. Section 54.022 of the Family Code applies to proceedings in a justice or a municipal court to determine whether a "child committed an offense that the court has jurisdiction of under" article 4.11 or 4.14 of the Code of Criminal Procedure "other than a traffic offense or public intoxication." TEX. FAM. CODE ANN. § 54.022(a) (Vernon 1996), *amended by* Act of Apr. 29, 1999, 76th Leg., R.S., ch. 76, sec. 3, § 54.022, Tex. Sess. Law Serv. 436, 438. In particular, subsection (d), which has been renumbered from subsection (e), authorizes a court to compel attendance in such a case by endorsing "on the summons issued to a parent, managing conservator, or a guardian an order to appear personally at the hearing with the child." *Id.* § 54.022(d), *amended by* Act of Apr. 29, 1999, 76th Leg., R.S., ch. 76, sec. 3, § 54.022, Tex. Sess. Law Serv. 436, 439. A parent's, managing conservator's, or guardian's failure to comply may be punishable as a Class C misdemeanor. *Id.* By its terms, section 54.022 does not authorize a court to compel a custodian to appear at a hearing and to bring the juvenile.

In our opinion, section 54.021, which applies specifically to truancy proceedings, prevails over section 54.022, which applies to misdemeanors generally. Where general and specific statutes conflict irreconcilably, the specific provision typically prevails as an exception to the general provision unless the general provision was enacted later and there is "clear evidence that the legislature intended the general provision to prevail. *See* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1998); *City of Lake Dallas v. Lake Cities Mun. Util. Auth.*, 555 S.W.2d 163, 168 (Tex. Civ. App.–Fort Worth 1977, writ ref'd n.r.e.).

While section 54.022 was adopted after section 54.021, *see* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 36, sec. 54.022, 1995 Tex. Gen. Laws 2517, 2535-36, there is no evidence that the legislature intended that section to prevail over the more specific section 54.021 with respect to truancy proceedings. Nothing in the language of section 54.022 itself, for example, suggests such a legislative intent. By contrast, Attorney General Opinion JM-1132 found a manifest legislative intent that the general law, section 6.27(b) of the Tax Code, would prevail over a specific law, such as a particular hospital district's enabling act, based upon the plain language of the general law. *See* Tex. Att'y Gen. Op. No. JM-1132 (1990) at 2-3. The bill adopting section 6.27 of the Tax Code directed the repeal of all other general, local, and special laws that conflict with the bill. *See id.* at 2; Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 6(b), 1979 Tex. Gen. Laws 2217, 2330. Additionally, section 1.02 of the Tax Code states that title I of the Tax Code, of which section 6.27 is a part, applies to a taxing unit created by a special or local law unless the special or local law is

enacted after the adoption of title I and the special or local law "expressly provides that this title does not apply." TEX. TAX CODE ANN. § 1.02 (Vernon 1992); *see also* Tex. Att'y Gen. Op. No. JM-1132 (1990) at 3. We find no similar express language in section 54.022 of the Family Code. Nor does anything in the legislative history indicate that the legislature intended section 54.022 to prevail over inconsistent statutes. Without clear evidence to the contrary, we must conclude that section 54.021 prevails with respect to a case involving failure to attend school. Conversely, section 54.022 does not apply to truancy proceedings that are covered by section 54.021.

You also ask whether the county court designated as the juvenile court may waive its exclusive jurisdiction over truancy cases "*en masse*" or whether the juvenile court must waive its jurisdiction on a case-by-case basis. *See* Request Letter, *supra*, at 3. Under section 54.021(a) of the Family Code, a juvenile court may waive its exclusive jurisdiction of cases involving conduct indicating a need for supervision, where the alleged conduct is failure to attend school, either on a case-by-case basis or for all such cases. If the court waives its jurisdiction of all truancy cases as a class, the waiver is effective for one year. *See* TEX. FAM. CODE ANN. § 54.021(a) (Vernon 1996).

## S U M M A R Y

With respect to a juvenile who is charged with failure to attend school and who is living with a custodian, section 54.021(g) of the Family Code authorizes a court with jurisdiction of truancy cases to compel the juvenile's court appearance by summoning the custodian to appear and to bring the juvenile.

Under section 54.021(a) of the same code, a juvenile court may waive its exclusive jurisdiction of cases involving conduct indicating a need for supervision, where the alleged conduct is failure to attend school, either on a case-by-case basis or for all such cases. If the court waives its jurisdiction of all truancy cases as a class, the waiver is effective for one year.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee