May 18, 2012

Mr. Douglas E. Oldmixon                          Opinion No. GA-0932
Administrator
Texas Real Estate Commission                     Re: Whether section 1102.114 of the Texas Occupations
Post Office Box 12188                            Code, which requires licensed real estate inspectors to
Austin, Texas  78711-2188                        carry liability insurance, would be effective if no such
                                                 coverage were available  (RQ-1015-GA)

Dear Mr. Oldmixon:

You ask two questions about sections 1102.114(3) and 1102.203(a) of the Texas Occupations Code.[1]  Section 1102.114(3) requires the Texas Real Estate Commission to issue a real estate inspector's license to an applicant who, among other things, "offers proof that the applicant carries liability insurance . . . to protect the public." TEX. OCC. CODE ANN. § 1102.114(3) (West 2012). Section 1102.203(a) provides that a "person may renew an unexpired license by . . . providing proof of liability insurance as required by Section 1102.114(3)." *Id.* § 1102.203(a). You explain that "there appear to be sufficient providers of [such coverage] in Texas today," but "a concern exists that there may not be access to such coverage in the future." Request Letter at 1.

Your first question is, "Would the insurance described above still be required if every insurance provider left the Texas market and no policy was available to satisfy the requirements of Sections 1102.114 and 1102.203(a) . . .?" *Id.* at 2. We begin our answer by reviewing the plain and common meaning of the statute's text. *State v. K.E.W.*, 315 S.W.3d 16, 21 (Tex. 2010). Section 1102.203(a) states that an applicant is "required" to carry the insurance that section "1102.114(3)" describes. TEX. OCC. CODE ANN. § 1102.203(a) (West 2012). We neither found nor received briefing purporting to find any statutory language or Texas court decisions that would exempt an applicant from carrying such insurance if it were unavailable. Therefore, sections 1102.114(3) and 1102.203(a) require an applicant for a real estate inspector's license to carry the insurance that section 1102.114(3) describes even if such insurance were unavailable. *See Brown v. Mem'l Vills. Water Auth.*, 361 S.W.2d 453, 455 (Tex. Civ. App.—Houston 1962, writ ref'd n.r.e.) ("In

---

[1]Letter from Douglas E. Oldmixon, Adm'r, Tex. Real Estate Comm'n, to the Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Oct. 11, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

determining the legislative intent it is to be presumed the Legislature was acquainted with the conditions affecting the area to be affected by the legislation.").[2]

Your second question is, "Does the Commission have the discretion to waive this requirement if no such insurance coverage is available in Texas?" Request Letter at 2. We begin our answer by noting that a state agency like the Commission has only those powers that the Legislature expressly grants it, along with implied powers that are reasonably necessary to exercise the expressly granted powers. *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 315 (Tex. 2001). We neither found nor received briefing purporting to find a statute expressly granting the Commission discretion to waive the section 1102.114(3) insurance requirement. Instead, we found a statute granting the Commission discretion to "waive any license requirement for an applicant who holds a license from another state having license requirements substantially equivalent to those of this state." TEX. OCC. CODE ANN. § 1102.112 (West 2012). This specific grant of authority to waive certain license requirements indicates that the Legislature has not impliedly granted the Commission discretion to waive other license requirements, such as the section 1102.114(3) insurance requirement. *See Jones v. Liberty Mut. Ins. Co.*, 745 S.W.2d 901, 902 (Tex. 1988) (explaining that the Legislature's naming of one thing generally excludes things not named and that a court may not add words to a statute that are not implied in the statute's language). Because the Legislature neither expressly nor impliedly granted the Commission the power to waive the section 1102.114(3) liability insurance requirement, the Commission lacks discretion to waive that requirement.

---

[2]Of course, the Legislature may amend section 1102.114(3) to make the insurance requirement contingent on the availability of the required insurance. TEX. CONST. art. III, § 1. An opinion of this office, however, cannot. *Id.* art. II, § 1. *See also* Tex. Att'y Gen. Op. No. GA-0781 (2010) at 3 (explaining that "we will not add words that are not implicitly contained in the language of a statute") (*citing Lee v. City of Houston*, 807 S.W.2d 290, 294–95 (Tex. 1991)).

## S U M M A R Y

Sections 1102.114(3) and 1102.203(a) require an applicant for a real estate inspector's license to carry liability insurance. The Texas Real Estate Commission lacks authority to waive that requirement.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee